UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GRACE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>JEFFERSON BEAUREGARD SESSIONS III, Attorney General of the United States, in his official capacity, *et al.*,<br><br>Defendants. | Case: 1:18-cv-01853<br>Assigned To : Sullivan, Emmet G.<br>Assign. Date : 8/7/2018<br>Description: TRO/PI   **(D-DECK)**<br><br>Chief Judge Beryl A. Howell |

<u>MEMORANDUM AND ORDER</u>

The plaintiffs in this action, eight "asylum applicants who have suffered extensive past persecution" and who "fear continued persecution in their countries of origin," have moved to proceed using pseudonyms, Pls.' Unopposed Mot. Leave to Proceed Under Pseudonyms ("Pls.' Mot.") at 2, in their instant challenge to the government's new policy toward expedited removal screenings, *see* Compl. ¶ 2. For the reasons set forth below, the Court will grant the plaintiffs' motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned.[1]

I.    **BACKGROUND**

The plaintiffs are "adults and children who fled their home countries after suffering pervasive sexual abuse, kidnapping, beatings, shootings, the murder of family members, and/or death threats."  Compl. ¶ 1.  The plaintiffs contend that, without an injunction, "Plaintiffs and thousands of other immigrants like them desperately seeking safety will be

---

[1]    Under Local Civil Rule 40.7(g), "the Chief Judge shall . . . hear and determine . . . motions to file a pseudonymous complaint."  LCvR 40.7(g).

unlawfully deported to places where they fear they will be raped, kidnapped, beaten, and killed." *Id.* ¶ 11.

## II.   LEGAL STANDARD

Generally, a complaint must state the names of the parties. FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party" and [f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR 5.1(c)(1). The public's interest "in knowing the names of [ ] litigants" is critical because "disclosing the parties' identities furthers openness of judicial proceedings." *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014); *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) ("[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."). Nevertheless, courts have, in special circumstances, permitted a party "to proceed anonymously" when a court determines "the impact of the plaintiff's anonymity" outweighs "the public interest in open proceedings and on fairness to the defendant." *Nat'l Ass'n of Waterfront Emp'rs v. Chao* ("*Chao*"), 587 F. Supp. 2d 90, 99 (D.D.C. 2008) (RMC).

In the past, when balancing these two general factors, two different but analogous tests have been applied in this circuit. The first test consists of the six factors set forth in *United States v. Hubbard*, 650 F.2d 293, 317–21 (D.C. Cir. 1980):

> (1) the need for public access to the documents at issue; (2) the extent to which the public had access to the document prior to the sealing order; (3) the fact that a party has objected to disclosure and the identity of that party; (4) the strength of the property and privacy interests involved; (5) the possibility of prejudice to those opposing disclosure; and (6) the purpose for which the documents were introduced.

*Doe v. CFPB* ("*Doe I*"), No. 15-1177 (RDM), 2015 WL 6317031, at *2 (D.D.C. Oct. 16, 2015). In other cases, a "five-part test to balance the concerns of plaintiffs seeking anonymity with those of defendants and the public interest" has been applied. *Eley v. District of Columbia*, No. 16-806 (GMH), 2016 WL 6267951, at *1 (D.D.C. Oct. 25, 2016). These factors, drawn from *Chao*, include the following:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Doe v. Teti*, Misc. No. 15-01380 (RWR), 2015 WL 6689862, at *2 (D.D.C. Oct. 19, 2015); *see also Roe v. Bernabei & Wachtel PLLC*, 85 F. Supp. 3d 89, 96 (D.D.C. 2015) (TSC); *Doe v. U.S.Dep't of State*, Civil No. 15-01971 (RWR), 2015 WL 9647660, at *2 (D.D.C. Nov. 3, 2015); *Doe v. Cabrera*, 307 F.R.D. 1, 5 (D.D.C. 2014) (RBW).

The *Chao* and *Hubbard* factors weigh the same two general concerns. *Doe Co. No. 1 v. CFPB* ("*Doe II*"), 195 F. Supp. 3d 9, 15–16 (D.D.C. 2016) (RDM). Specifically, these concerns are: (1) the "[s]trength of the [g]eneralized [p]roperty and [p]rivacy [i]nterests" involved and "the possibility of prejudice" to those opposing disclosure, *Hubbard*, 650 F.2d at 320–21; and (2) whether the "justification" for nondisclosure "is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature," *Teti*, 2015 WL 6689862, at *2. Thus, in *Doe II*, the Court determined that

> the question before the Court is not best answered with a rigid, multi-part test but with an assessment of whether the non-speculative privacy interest that the movants have identified outweigh the public's substantial interest in knowing the identities

3

of the parties in litigation, along with any legitimate interest that the non-moving
parties' interest may have in revealing the identity of the movants.

*Doe II*, 195 F. Supp. 3d at 17.

This balancing inquiry accords with the D.C. Circuit's test for whether a district court
should exercise its discretion to permit an exception from Federal Rule of Civil Procedure
10(a). The Circuit has acknowledged the district court's discretion "to grant the 'rare
dispensation' of anonymity" to litigating parties under certain limited circumstances, provided
the court has "inquire[d] into the circumstances of particular cases to determine whether the
dispensation is warranted." *United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir.
1995) (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)). In exercising this
discretion, the D.C. Circuit has required the court to "take into account the risk of unfairness
to the opposing party, as well the customary and constitutionally-embedded presumption of
openness in judicial proceedings." *Id.* (internal citations and quotation marks omitted).

Thus, whichever test applies, the same general balancing inquiry is at issue: "whether
the non-speculative privacy interest that the movants have identified outweigh the public's
substantial interest in knowing the identities of the parties in litigation, along with any
legitimate interest that the non-moving parties' interest may have in revealing the identity of
the movants." *Doe II*, 195 F. Supp. 3d at 17; *see also Chao*, 587 F. Supp. 2d at 99 (assessing
whether "the impact of the plaintiff's anonymity" outweighs "the public interest in open
proceedings and on fairness to the defendant").

## III.   DISCUSSION

At this early stage of the litigation, this Court is persuaded that the plaintiffs have met
their burden of showing that their privacy interests outweigh the public's presumptive and
substantial interest in knowing the details of judicial litigation. The public's interest in the

4

litigants' identity is *de minimis* compared to the significant risk of deadly violence to which public identification might expose the plaintiffs and their families.

In this case, the plaintiffs aver that "their persecution will become more severe if their identities and status as asylum applicants are publicly disclosed." Pls.' Mot. at 2. As asylum seekers, the plaintiffs "fall within a particularly vulnerable class of migrants for whom confidentiality about the nature and existence of their claims is particularly important." *Id.* at 10. Indeed, the plaintiffs' motion describes the fears each faces. One plaintiff fled her home country to "escape her abusive partner and his violent gang-member sons," *id.* at 3; another fled with her young child to "escape two decades of horrific sexual abuse by her husband and death threats from a violent gang," *id.* at 4; a third fled "after suffering a vicious attack and receiving death threats from a powerful drug trafficking gang that controlled her town," *id.*; and still another plaintiff, an orphaned teenager, fled to escape "a forced relationship and sexual violence at the hands of a gang member," *id.* at 7. Based on these allegations, as well as the allegations in their Complaint, the plaintiffs have adequately established that they are likely to "face grave physical harm or death if their identities and status as asylum applicants are publicly disclosed." *Id.* at 3.

As to the non-moving parties' interests, the defendants consent to the motion, *see id.*, and allowing the plaintiffs to proceed under pseudonyms will have no impact on any private rights as the only defendants are government agencies and officers. The plaintiffs' identities, moreover, are already known to defendants in connection with their asylum applications and detentions. Allowing the plaintiffs to proceed pseudonymously thus will not compromise the defendants' ability to defend this action and thus poses little "risk of unfairness to the opposing party." *Chao*, 587 F. Supp. at 99. Finally, any public interest in disclosing the

identities of the plaintiffs and their children is significantly outweighed by the deadly threat

such disclosure would entail.

In sum, weighed against the minimal apparent interest in disclosure, the plaintiffs'

significant interest in maintaining their anonymity at this early stage in the litigation is more

than sufficient to overcome any general presumption in favor of open proceedings. *See*

*Horowitz v. Peace Corps*, 428 F.3d 271, 278 (D.C. Cir. 2005) ("If there is no public interest in

the disclosure of certain information, 'something, even a modest privacy interest, outweighs

nothing every time.'" (quoting *Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873,

879 (D.C. Cir. 1989))).

## IV. CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiffs' Motion for Leave to File under Pseudonym is

**GRANTED**, subject to any further consideration by the United States District Judge to whom

this case is randomly assigned, and the case may proceed using the pseudonyms "Grace";

"Mina"; "Gina"; "Mona"; "Maria"; "Carmen"; "J.A.C.F.," for Carmen's minor daughter;

"Gio"; "Nora"; "A.B.A.," for Nora's minor son; and "A.P.A.," for named plaintiff Cindy

Ardon Mejia's minor daughter; and it is further

**ORDERED** that the list of the full names of the plaintiffs and their children shall

remain under seal until further order of the Court.

**SO ORDERED.**

Date: August 7, 2018.

_Beryl A. Howell_

BERYL A. HOWELL
Chief Judge