## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GRACE, *et al.* | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| v. | )   Civil Action No. 1:18-cv-01853-EGS |
|  | ) |
| JEFFERSON BEAUREGARD | ) |
| SESSIONS III, in his official | ) |
| capacity as Attorney General of | ) |
| the United States, *et al.*, | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

## JOINT STATUS REPORT ON SCHEDULING

The parties met and conferred on August 10, 2018, with respect to scheduling and how this case should proceed. The parties agree on a number of things, but not in full, so propose the following alternative schedules:

**Defendants' Proposal**:

1. Defendants shall serve Plaintiffs and the Court with an administrative record by August 17, 2018.

2. Plaintiffs shall file a motion for summary judgment by August 31, 2018.

3. Defendants shall file a cross-motion for summary judgment, which may include any Rule 12 defenses to Plaintiffs' Complaint, by September 14, 2018

4. Plaintiffs shall file a combined response to the cross-motion and a reply by September 21, 2018.

5. Defendants shall file a reply by September 28, 2018.

6. The parties shall be available at the Court's convenience for oral argument, should the

1

Court                    find                 argument               useful.
As to whether Plaintiffs or Defendants should first move for summary judgment, both sides
agree that this case should proceed expeditiously, but not at such a speed that will not give both
sides a reasonable amount of time to prepare their briefs. Despite Plaintiffs' assertions of
Defendants' counsel's access to materials, the certified administrative record will   be
available one week from today. Plaintiffs' rationale that they have already filed a motion
for preliminary injunctive relief is misplaced considering that such a motion is not a
substitute for Plaintiffs' main theory of their case. Moreover, the concern that cross-motions
for summary judgment will somehow be similar to a motion to dismiss is misplaced considering
that it is Plaintiffs burden to prove the claims made in their Complaint. Once they receive
administrative record, they will have all the materials they may need to move for summary
judgment on their theories. The Plaintiffs should therefore first move for summary judgment.

Regarding the Plaintiffs' concerns about the adequacy of the certified administrative
record and their request for the Court to order Defendants' production of a privilege log, these
are entirely premature and overlook both the law in this Circuit and this Court's own past
decisions. The general rule is that when "documents are not part of the administrative record"—
having been omitted on privilege grounds—"an agency that withholds these privileged
documents is not required to produce a privilege log to describe the documents that have
been withheld." *Nat'l Ass'n of Chain Drug Stores v. U.S. Dep't of Health & Human Servs.*,
631 F. Supp. 2d 23, 27 (D.D.C. 2009) ("Another judge in this District also recently
denied, in an unpublished order, a similar request for a privilege log in a record review
case. *See* Order, *Greater Yellowstone Coal. v. Kempthorne*, No. 07–211 (May 23, 2008)
(Sullivan, J.)"); *see also*

*Louisiana v. Salazar*, 2016 U.S. Dist. LEXIS 32747, * 12–13 & n.7 (D.D.C., March 15, 2016) (rejecting privilege log requirement); *Tafas v. Dudas*, 530 F. Supp. 2d 786, 801–02 (E.D. Va. 2008) (no privilege log required where documents not "in the administrative record in the first place"). No privilege log should be produced at this time.

This Court's order in *Greater Yellowstone* denying the production of a privilege log in a similar context was crystal clear: "In our Circuit, there is a well-established presumption that an agency has properly designated the administrative record absent clear evidence to the contrary." *See Greater Yellowstone Order*, No. 07-211, ECF No. 54, at 1–2 (citing *Blue Ocean Inst. v. Gutierrez*, 503 F. Supp. 2d 366, 369 (D.D.C. 2007)). Thus, without "a sufficient showing by clear evidence that the record is incomplete or that the deliberative materials omitted should be a part of the administrative record," the Plaintiffs have absolutely no cause to have this Court enter such an order at this time. *Id.* at 2. This same point extended to the Greater Yellowstone plaintiffs' request for a privilege log concerning deliberative materials—which this Court, along with other judges in this district—have repeatedly ruled are "irrelevant, as it is the agency's stated reasons ... the Court must consider when conducting [its] review." *Id.* (citing *In re Subpoena Duces Tecum Served on the Office of the Comptroller of the Currency*, 156 F.3d 1279, 1279 (D.C. Cir. 1998)).

**Plaintiffs' Proposal:**

1. Defendants' motion for summary judgment – **August 24**

2. Plaintiffs' cross-motion for summary judgment and opposition – Fourteen days after service of Defendants' motion (by **September 7**)

3. Defendants' opposition and reply – Seven days after service of Plaintiffs' motion/opposition (by **September 14**)

4. Plaintiffs' reply – Seven days after service of Defendants' opposition/reply (by **September 21**)

5. Plaintiffs request that the Court set an oral argument date for after September 21, at the Court's convenience, when it issues the briefing schedule.

Plaintiffs' proposed schedule allows all briefing to be completed expeditiously by **September 21**, which is in both parties' interest and consistent with the views expressed by the Court.  In particular, Plaintiffs, who are either in detention or have been previously deported to countries where they fear death or serious injury, have a strong interest in resolving this matter as quickly as possible.  Plaintiffs' proposed schedule can proceed more quickly because the government already has access to all information that will be in the administrative record.  If Plaintiffs go first, they must wait to see what the record contains.

Second, it also is appropriate for Defendants to file the first summary judgment brief because Plaintiffs have already submitted an extensive preliminary injunction brief.  Because Plaintiffs' proposal foregoes a government opposition to that brief, it will aid the overall development of the legal issues in this case to require the government to present its legal case in full next, before Plaintiffs file another substantive brief.

Third, this briefing schedule is also in lieu of motion to dismiss briefing, and the government may well include arguments that would be part of a Rule 12 motion in its summary judgment briefing.  In the ordinary course, the government would file the first brief in Rule 12 briefing.

With regard to the administrative record, Plaintiffs do not propose to delay the briefing schedule.  Defendants will produce the record by August 17.  Plaintiffs propose the following schedule:

1. Plaintiffs lodge any objection in writing Defendants – **August 22**

**2.** The Parties meet and confer to attempt to resolve any dispute – **August 24**

3. The Parties file a joint status report indicating the following – **August 27**

   o Whether there are disputes with regard to the record, and what those
   disputes are;

   o Whether the Parties have agreed to a plan to identify any additional
   information that should form part of the record and/or to supplement the
   record;

   o Whether any motions will be filed with regard to the administrative
   record, and on what schedule;

   o Whether the Parties anticipate any supplemental summary judgment
   briefing will be necessary to address any information added to the
   administrative record after August 17.

Plaintiffs believe it would aid in expeditiously resolving this case to know as early as possible what relevant information the Defendants believe should be excluded from the administrative record, and why.  Therefore, Plaintiffs respectfully request that the Court order Defendants to produce, along with the administrative record, a log indicating any document considered by the agency in formulating the relevant policies but not included in the administrative record, and the government's justification for excluding those documents.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

WILLIAM C. PEACHEY
Director

EREZ REUVENI
Assistant Director

By: */s/ Joshua S. Press*
    JOSHUA S. PRESS
    Trial Attorney
    United States Department of Justice
    Civil Division
    Office of Immigration Litigation
    District Court Section
    P.O. Box 868, Ben Franklin Station
    Washington, DC 20044
    Phone: (202) 305-0106
    Facsimile: (202) 305-7000
    e-Mail: joshua.press@usdoj.gov

Dated: August 10, 2018        *Attorneys for Defendants*


By: */s/ Jennifer Chang Newell*
    Jennifer Chang Newell (*pro hac vice* admission pending)
    American Civil Liberties Union
    Foundation Immigrants' Rights Project
    39 Drumm Street
    San Francisco, CA 94111
    (415) 343-0774

    *Attorney for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2018, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of for the District of Columbia by using the appellate CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

By: */s/ Joshua S. Press*
    JOSHUA S. PRESS
    Trial Attorney
    United States Department of Justice
    Civil Division