UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GRACE, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> JEFFERSON BEAUREGARD SESSIONS III, in his official capacity as Attorney General of the United States, *et al.*, <br><br> Defendants. | Civil Action No. 1:18-cv-01853-EGS |

## STATUS REPORT

Pursuant to the Court's order dated August 10, 2018, the Defendants submit this report "explaining the circumstances surrounding the removal of plaintiffs on the morning of August 9, 2018, notwithstanding the representations from the attorney for the defendants that the government would not remove the plaintiffs prior to 11:59 pm that day." In support of this report, Defendants, specifically the Department of Homeland Security (DHS), and its component U.S. Immigration and Customs Enforcement (ICE), submit the declarations of Christopher M. Cronen, the Deputy Assistant Director for Field Operations – East at ICE's Enforcement and Removal Operations (ERO) (Attached hereto as Ex. A), and Daniel Bible, the San Antonio Field Office Director for ICE ERO (Attached hereto as Ex. B).[1]

---

[1] ICE is responsible for enforcing immigration laws relating to detention and removal of aliens from the United States. *See* 8 U.S.C. §§ 1103, 1225, 1226, 1231. Although these functions used to be performed by "the Attorney General and the Immigration and Naturalization Service (INS)," these authorities "now reside in the Secretary of Homeland Security" and "Immigration and Customs Enforcement." *See Clark v. Martinez*, 543 U.S. 371, 375 n.2 (2005) (citing Homeland Security Act of 2002, §§ 441(2), 442(a)(3), 451(b), 116 Stat. 2192, 2193, 2196, 6 U.S.C. §§ 251(2), 252(a)(3), 271(b) (2000 ed., Supp. II)). In addition, all prior references to the "Attorney General"

1.     On Tuesday, August 7, at approximately 4:45 P.M. EDT, counsel for Plaintiffs contacted undersigned counsel by email, and Department of Justice (DOJ) attorneys working under undersigned counsel's supervision by phone, to discuss the possibility of Defendant DHS and its component ICE agreeing to temporarily pause execution of any outstanding orders of expedited removal issued to any Plaintiffs until this Court could issue a final decision on Plaintiffs' motion for preliminary injunction. Plaintiffs also informed undersigned counsel and attorneys working under undersigned counsel's supervision of their understanding that two Plaintiffs, Carmen and her daughter, were scheduled for removal as early as Thursday, August 9.

2.     ICE subsequently agreed to refrain from executing Carmen or her daughter's orders of expedited removal through August 10 at 11:59 P.M. EDT. *See* Ex. A, ¶ 6. ICE counsel, in writing via email, confirmed that to DOJ. A DOJ attorney working under undersigned counsel's supervision conveyed this representation via email to Plaintiffs' counsel, Jennifer Chang Newell, on August 8, 2018 at 10:01 A.M. *See* Email from Joshua Press to Jennifer Chang Newell, 8/7/18 10:01 A.M. EDT (Ex. C). ICE communicated the fact of the agreement and that Carmen and her daughter should not be removed to ICE's San Antonio field office, which had physical custody of Carmen and her daughter. Ex. A, ¶ 6, Ex. B, ¶¶ 4-9.

3.     Consistent with ICE's representation to undersigned counsel, on August 8, 2018, during a hearing before this Court, undersigned counsel represented on behalf of Defendants that DHS and ICE would refrain from removing Carmen and her daughter from the United States at

---

in the Immigration and Nationality Act with respect to "any function transferred" to DHS, including the "detention and removal program" now refers to the Secretary of DHS. *See* 6 U.S.C. §§ 251, 557. Thus it is DHS, through ICE, that is responsible for executing the laws with respect to detention and removal of aliens. Defendants the Attorney General, the Executive Office of Immigration Review, and United States Citizenship and Immigration Services do not perform any function with respect to detention or removal, and so Defendants do not submit any declarations from those Defendants.

least until 11:59 P.M. EDT on August 10, 2018. Notwithstanding ICE Headquarter's communication down its chain of command from Washington, D.C. to the San Antonio Field Office that Carmen and her daughter were not to be removed, and dissemination of that instruction in San Antonio by supervisory officials, Ex A., ¶ 6; Ex. B, ¶¶ 7-9, ICE personnel employed by the San Antonio Field Office did place Carmen and her daughter on an airplane to El Salvador at 9:28 A.M. CDT on August 9, 2018. Ex. B, ¶ 13.

4. According to ICE, the fact of the do not remove instruction was not entered as required into the EARM database. Ex. B. ¶ 10. That failure appears to have resulted from confusion caused by an unrelated informal pause in the removal of Carmen during an administrative process occurring at the same time. *Id.* ERO often extends an informal temporary stay, or hold, on removal pending consideration by U.S. Citizenship and Immigration Services (USCIS) of a request for reconsideration of a negative credible fear assessment. *Id.* In this case, an attorney representing Carmen and her daughter for administrative immigration matters submitted a request to USCIS to reconsider the negative credible fear determination on August 8, 2018. *Id.* A comment in EARM references this request; however a formal hold tied to that separate request was not entered. *Id.* ICE informs DOJ that in this case, two parallel procedures both resulted in agreements to temporarily halt removal, *id.*, but when a deportation officer learned of the completion of the USCIS process, he understood that the informal pause had been lifted and the family could be removed because the separate do not remove instruction associated with this case was not in the EARM system. *Id.* The deportation officer appears to have gone through normal procedures, overlooked the impediment to removal at issue here because it was not in the system to be seen, and continued with removal procedures without verifying the information with a supervisor. *Id.*

5. At approximately 10:22am CDT on August 9, 2018, a *pro bono* attorney located in

Dilley, TX notified ICE personnel under the jurisdiction of the San Antonio Field Office that Carmen and her daughter had been removed. *Id.*, ¶¶ 11.

6. At approximately 10:23am CDT, ICE personnel in the San Antonio Field Office reviewed relevant databases, which reflected that Carmen and her daughter were no longer in custody at the South Texas Family Residential Center in Dilley, Texas. *Id.* ¶¶ 12. Notwithstanding the order from ICE Headquarters in Washington, D.C., these databases did not reflect that a stay or hold was in place at that time. *Id.* ¶ 13.

7. At approximately 10:24am CDT, ICE officers under the supervision of the San Antonio Field Office confirmed that Carmen and her daughter were aboard a charter flight that had departed to El Salvador at 9:28am CDT. *Id.* ¶ 13. A supervisory officer instructed ICE officers overseeing their "ICE Air Operations" that Carmen and her daughter were not to depart the aircraft upon arrival in El Salvador and that they were to be immediately returned to the United States. *Id.* ¶ 14.

8. At approximately 10:34am CDT, an ICE officer reported up the chain to the relevant Deputy Field Office Director in San Antonio that Carmen and her daughter had been placed on the removal flight notwithstanding ICE's instruction to not remove Carmen and her daughter. *Id.* ¶ 14. The ICE officer also informed his supervisor that actions had already been initiated to return Carmen and her daughter to the United States. *Id.*

9. Meanwhile, at approximately 11:30 A.M. EDT (10:30 A.M. CDT), while this Court was in recess during a hearing on Plaintiffs' motion to stay their removal from the United States, undersigned counsel learned from counsel for Plaintiffs Scott Michelman and Arthur Spitzer that Plaintiffs' counsel Jennifer Chang Newell had reason to believe that Carmen and her daughter may be in the process of being removed from the United States or had in fact been removed from the

4

United States. Until that time, no one at ICE or DHS had informed undersigned counsel or any DOJ counsel under my supervision of any actions taken on the ground in San Antonio inconsistent with undersigned counsel's representation to this Court, nor of any plans to execute Plaintiffs' expedited removal orders.

10. Upon learning this information, starting at 11:37 A.M. EDT while this Court was still in recess, undersigned counsel immediately began contacting multiple counsel for DHS and ICE responsible for this case via phone and email, requesting confirmation as to whether ICE, notwithstanding its representations to DOJ and DOJ's representations to the Court, was removing or had in fact removed Carmen and her daughter. At approximately 11:47 A.M. EDT undersigned counsel spoke to an ICE counsel via phone, instructed that ICE cease all such efforts if they were occurring, and, if Carmen and her daughter had in fact been removed, to make all efforts to return them to the United States.

11. At approximately 12:30 PM EDT, shortly after court had adjourned, the same ICE counsel contacted undersigned counsel by phone and reported that ICE was still determining what had occurred. At this time undersigned counsel again instructed that Carmen and her daughter not be removed if they had not yet been removed and informed ICE counsel of this Court's orders to return Carmen and her daughter forthwith if they had been removed and of the stay of removal for all Plaintiffs.

12. At 12:50 PM EDT, the same ICE counsel contacted undersigned counsel via phone and informed undersigned counsel that Carmen and her daughter were on a flight that was in transit from the United States to El Salvador, and that efforts were already underway to return them to the United States and to comply with the Court's order. According to ICE, the Court's order was communicated to the field no later than 2:32 P.M EDT. *See* Ex. A, ¶ 9; Ex. B, ¶ 16.

13. At approximately 2:10pm CDT, the return flight departed El Salvador with Carmen and her daughter on board. *Id.* ¶ 17. Carmen and her daughter remained on the aircraft at all times and did not disembark in El Salvador. *Id.*

14. At approximately 5:02pm CDT, the return flight landed at George Bush International Airport in Houston, TX. ¶ 18. Officers with the ERO Houston Field Office assumed custody of Carmen and her daughter, pending arrival of officers from ERO San Antonio for transportation to the South Texas Family Residential Center. *Id.*

15. At approximately 6:45pm CDT, officers from ERO San Antonio assumed custody of Carmen and her daughter and departed Houston via ground transportation. *Id.* ¶ 19.

16. At approximately 12:20am CDT on August 10, 2018, Carmen and her daughter arrived at the South Texas Family Residential Center in Dilley, TX. *Id.* ¶ 20.

17. Following the unauthorized removal of Carmen and her daughter, the San Antonio Field Office Director, Daniel Bible, ordered a comprehensive review of removal procedures in the San Antonio Field Office to identify gaps in oversight of the removal process and protocols have been updated to reflect that transfer and/or removal of any alien with a stay of removal, hold on removal, or any other management-directed impediment to removal will require direct concurrence from the Field Office Director after consultation with ERO headquarters. *Id.* ¶ 21.

//

//

        Respectfully submitted,

        CHAD A. READLER
        Acting Assistant Attorney General

        WILLIAM C. PEACHEY
        Director

By: /s/ *Erez Reuveni*
    EREZ REUVENI
    Assistant Director, Office of Immigration Litigation
    U.S. Department of Justice, Civil Division
    450 5th Street NW
    Washington, DC 20530
    Tel. (202) 307-4293
    Erez.R.Reuveni@usdoj.gov

Dated: August 13, 2018        *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2018, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of for the District of Columbia by using the appellate CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

        By: */s/ Erez Reuveni*
            EREZ REUVENI
            Assistant Director
            United States Department of Justice
            Civil Division