## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GRACE, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:18-cv-01853-EGS |
| | ) | |
| JEFFERSON BEAUREGARD | ) | |
| SESSIONS III, in his official | ) | |
| capacity as Attorney General of | ) | |
| the United States, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### NOTICE OF SERVICE OF THE ADMINISTRATIVE RECORD

Defendants, by and through undersigned counsel, today served on Plaintiffs the administrative record for purposes of this lawsuit. That record, certified by U.S. Citizenship and Immigration Service (USCIS), contains all materials considered by USCIS in issuing the document titled "Guidance for Processing Reasonable Fear, Credible Fear, Asylum, and Refugee Claims in Accordance with *Matter of A-B-*," issued July 11, 2018. *See* https://www.uscis.gov/sites/default/files/USCIS/Laws/Memoranda/2018/2018-06-18-PM-602-0162-USCIS-Memorandum-Matter-of-A-B.pdf.

The Department of Justice is not separately submitting an administrative record. Its only role in the expedited removal process is to conduct a limited review, by immigration judges, of a determination that an alien subject to expedited removal has failed to establish a credible fear. *See* 8 U.S.C. § 1225(b)(1)(B)(iii)(III). The Department's only relevant "determination[] under [8 U.S.C.] § 1225(b)," *id.* § 1252(e)(3)(A), in that process is to provide regulations governing "[r]eview by [an] immigration judge of a negative credible fear finding." 8 C.F.R. § 1208.30(g)(2).

1

As well as the regulation that is part of that review, immigration judges must follow "decisions of the Board, and decisions of the Attorney General." 8 C.F.R. § 1003.1(g). Neither of these policies is new or being challenged here, and the Department of Justice therefore is not certifying a record of these policies.

Defendants do not view the record of proceedings leading to the *Matter of A-B-* decision to be an appropriate administrative record in this case – just as Defendants do not think that decision can be collaterally attacked in this litigation. Defendants anticipate the parties will dispute that in briefing the merits. Nonetheless, in order to avoid unnecessary litigation over the scope of the record, Defendants are also submitting the certified Record of Proceedings of the *Matter of A-B-* decision before the Attorney General as it was returned to the Board of Immigration Appeals after the Attorney General issued his decision in *Matter of A-B-*. This is the same record of the Attorney General that would be reviewed by a court of appeals were a petition for review of *Matter of A-B-* filed directly in the court of appeals. *See* 8 U.S.C. § 1252(a)(1); 28 U.S.C. §§ 2112; 2346. *Matter of A-B-* has since been remanded to the immigration judge, and Defendants do not plan to submit the record as it now exists or develops before the immigration courts regarding A-B-'s ongoing proceedings, which would raise confidential factual matter concerning individuals who are not parties to this suit, would have no relevance to the legal issues presented here, and which the parties have separately stated is not properly the subject of review in this lawsuit. *See* Tr. 8/9/18 at 11:1-6 (Defendants' counsel), 33:18-19 (Plaintiffs' counsel)

//

//

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

WILLIAM C. PEACHEY
Director

By: /s/ *Erez Reuveni*
    EREZ REUVENI
    Assistant Director, Office of Immigration Litigation
    U.S. Department of Justice, Civil Division
    450 5th Street NW
    Washington, DC 20530
    Tel. (202) 307-4293
    Erez.R.Reuveni@usdoj.gov

    JOSEPH A. DARROW
    CHRISTINA P. GREER
    JOSHUA S. PRESS
    Trial Attorneys

Dated: August 17, 2018            *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2018, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of for the District of Columbia by using the appellate CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

By:  */s/ Erez Reuveni*
      EREZ REUVENI
      Assistant Director
      United States Department of Justice
      Civil Division