## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GRACE, *et al.* )<br><br>Plaintiffs, )<br><br>v. )<br><br>JEFFERSON BEAUREGARD )<br>SESSIONS III, in his official )<br>capacity as Attorney General of )<br>the United States, *et al.*, )<br><br>Defendants. ) | Civil Action No. 1:18-cv-01853-EGS |

## <u>JOINT STATUS REPORT</u>

The parties conferred by telephone and email on August 22, August 23, and August 24, 2018, regarding the administrative record produced by Defendants.  Defendants have represented that they have produced the complete administrative record relied on by the applicable agencies with respect to any credible fear policies and that no additional written credible fear policies concerning *Matter of A-B-* exist other than what Defendants have produced.  Accordingly, Plaintiffs have determined that they do not intend to contest that Defendants have produced the administrative record actually relied upon by the applicable agencies.

The parties also conferred by telephone and email on August 23, August 24, August 25, and August 27, 2018 with respect to scheduling.  The parties have reached general agreement on a briefing schedule for *Grace* as well as proposed page limits for the parties' briefs, but are unable to agree as to which party should file the first brief.  The proposed schedule that the parties agree to is as follows:

1.  The first party shall file a motion for summary judgment no later than **two** weeks

2.  after the date of the Court's scheduling order.  The first party's brief shall be no more than 45 pages in length.

3.  Motions for leave to file amicus briefs, and any amicus briefs in support of the first party shall be filed no later than **<u>three</u>** weeks after the date of the Court's scheduling order.

4.  The second party shall file its opposition and cross-motion for summary judgment no later than **<u>four</u>** weeks after the date of the Court's scheduling order.  The second party's brief shall be no longer than 65 pages in length.

5.  Motions for leave to file amicus briefs, and any amicus briefs in support of the second party shall be filed no later than **<u>four</u>** weeks after the date of the Court's scheduling order (i.e. no later than the same day the second party's opposition and cross-motion are due).

6.  The first party shall file an opposition and reply brief no later than **<u>five</u>** weeks after the date of the Court's scheduling order.  This brief shall be no longer than 45 pages in length.

7.  The second party shall file any reply brief no later than **<u>six</u>** weeks after the date of the Court's scheduling order.  Any such brief shall be no longer than 25 pages in length.

Because the parties have differing positions on which party should file the first brief, the parties set forth their respective positions below:

**<u>Plaintiff's Position</u>**

Plaintiffs believe it is appropriate for Defendants to file the first summary judgment brief because Plaintiffs have already submitted an extensive preliminary injunction brief that sets forth detailed arguments regarding their position on the merits.  Defendants' opposition to Plaintiffs'

emergency stay motion largely focused on arguments going to the Court's power to issue a stay of removal rather than the merits claims.  Because the joint scheduling proposal foregoes Defendants' opposition to the preliminary injunction brief already filed by Plaintiffs, it will aid the overall development of the legal issues in this case to require the government to present its legal case in full, before Plaintiffs file another substantive brief.  Otherwise, Plaintiffs would file another brief without the benefit of any further understanding of Defendants' legal position.

Further, it is appropriate for Defendants to file the first summary judgment brief because they have indicated that their summary judgment motion is likely to include defenses in the nature of a motion to dismiss under Federal Rule of Civil Procedure 12.  *See, e.g.*, Doc. #27, Joint Status Report, August 10, 2018 (stating that Defendants' motion for summary judgment "may include any Rule 12 defenses to Plaintiffs' Complaint").  Counsel for Defendants has stated repeatedly that Defendants intend to dispute whether Plaintiffs have properly alleged a cognizable claim.  *See, e.g.*, Transcript, Hearing on Stay of Removal Proceedings, August 9, 2018, at 19 (government counsel stating "we dispute" that "they've properly pled that cause of action"); *id.* at 18 ("We do take the position . . . that they haven't plausibly alleged a claim"); *id.* at 19 ("We're disputing that they've alleged a proper claim under 1252(e)(3).").  In the ordinary course, Defendants would file the first brief in Rule 12 briefing.

Defendants assert that Plaintiffs should go first because the record may be relevant to some arguments and Defendants may seek to challenge this Court's subject matter jurisdiction. Plaintiffs disagree that either consideration is persuasive.  Plaintiffs have already offered extensive legal arguments that the policies are facially unlawful and/or ultra vires, apart from the administrative record.  And Plaintiffs have already explained that the Court's jurisdiction under 8 U.S.C. § 1252(e)(3) is clear.  *See also* Transcript, Hearing on Stay of Removal Proceedings,

August 9, 2018, at 18 (government counsel stating "The government is not arguing that their merits claim is barred as a jurisdictional matter. . . . We do take the position, as we did in our papers, that they haven't plausibly alleged a claim . . . .").  It therefore is sensible to require Defendants to file the next substantive brief.

**Defendant's Position**

Defendants believe that it is appropriate for Plaintiffs to file the first summary judgment brief.  First, Plaintiffs, as "the party challenging an agency's action . . . bears the burden of proof" of demonstrating that either the Attorney General's decision in *Matter of A-B-*, or the USCIS guidance at issue in this case, are unlawful. *San Luis Obispo Mothers for Peace v. U.S. Nuclear Regulatory Comm'n*, 789 F.2d 26, 37 (D.C. Cir. 1986); *accord Save Jobs USA v. U.S. Dep't of Homeland Sec.*, 210 F. Supp. 3d 1, 6 (D.D.C. 2016) ("plaintiff bears the burden of establishing the invalidity of the agency's action").  Because agency action is presumptively valid, *see Envtl. Def. Fund, Inc. v. Costle*, 657 F.2d 275, 283 (D.C. Cir. 1981), Defendants do not have the duty of establishing at the outset that their actions are generally lawful, but only must explain how the particular actions the Plaintiffs take issue with are not arbitrary and capricious or contrary to law, once Plaintiff identifies those actions.  *See* Compl. ¶89; 5 U.S.C. § 706(2)(A). Indeed, given this presumption, it is Plaintiffs' burden to specifically cite at the outset the portions of the record that, in their view, show that Defendants acted contrary to law. *See Fulbright v. McHugh*, 67 F. Supp. 3d 81, 89 (D.D.C. 2014), *aff'd sub nom. Fulbright v. Murphy*, 650 F. App'x 3 (D.C. Cir. 2016) ("It is the plaintiff's burden *to show by clearly convincing evidence* that the decision was the result of a material legal error or injustice.") (emphasis added).

While Plaintiffs' preliminary injunction motion addressed the merits, it did not

exhaustively present their arguments on why the agency action at issue here is invalid, and certainly did not do so on the basis of the record, which had not been produced at that point, and which is necessary to challenge the reasonableness of the agency's course of action. *See Hill Dermaceuticals, Inc. v. Food & Drug Admin.*, 709 F.3d 44, 47 (D.C. Cir. 2013) (per curiam) ("[A] reviewing court should have before it neither more nor less information than did the agency when it made its decision.") (internal quotation marks omitted). The Court and the parties would benefit from Plaintiffs specifically citing at the outset the portions of the record that, in their view, show that Defendants acted contrary to law. Indeed it is their burden to do so, *see Fulbright*,   67 F. Supp. 3d at 89, so it would be an inefficient use of the Court's and the parties' time for Defendants to respond to allegations that their actions are unlawful before Plaintiffs have even pointed to what portions of the record show that to be the case. For this reason, Plaintiffs most often file their motion for summary judgment first in the usual course of litigation in the similar APA context. *See, e.g., Policy & Research, LLC v. United States Dep't of Health & Human Servs.*, 313 F. Supp. 3d 62, 67 (D.D.C. 2018); *Partlo v. Johanns*, No. CIV.A.04-1462 CKK, 2006 WL 1663380, at *10 (D.D.C. June 11, 2006), *aff'd*, 224 F. App'x 7 (D.C. Cir. 2007).

Second, Plaintiffs should file their motion first because they bear the burden of establishing the court's subject matter jurisdiction, and therefore should provide their theory for jurisdiction over this case at the threshold.  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) ("The party invoking federal jurisdiction bears the burden of establishing [it.]").  That is especially important in the record review context, where "a district court [] reviewing agency action" "sit[s] as an appellate tribunal." *Marshall Cnty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1222–23 (D.C.Cir.1993). In those circumstances, it is the duty of the Plaintiff to "establish its standing at the outset of its case" so that "the respondent is [not] left to flail at the unknown in

an attempt to prove the negative." *Sierra Club v. E.P.A.*, 292 F.3d 895, 901 (D.C. Cir. 2002). Indeed as this Court recognized in the companion case of *Zelda v. Sessions*, No. 18-1966 (D.D.C.), "the plaintiffs always bear the burden of establishing standing," and so it would be appropriate for plaintiff in *Zelda*—to file a "motion for summary judgment first on the merits, and addressing standing as well, because the plaintiffs always have the burden. And then have defendants file cross motion for summary judgment and/or motion to dismiss, raising standing." Transcript, Hearing on Stay of Removal Proceedings, August 23, 2018, at 31, No. 18-1966 (D.D.C.).

Plaintiffs are similarly situated to the plaintiff in *Zelda*. Moreover, as Defendants pointed out in their TRO briefing, the INA provides for narrow review of agency actions pertaining to expedited removal determinations under 8 U.S.C. § 1252(e)(3). Such review "shall be limited to determinations of" "whether … a written policy directive, written policy guideline, or written procedure issued by or under the authority of the Attorney General to implement such section," *i.e.*, 8 U.S.C. § 1225(b)(1), is invalid. *Id.* § 1252(e)(3)(A)(ii).  While Plaintiffs challenge "new credible fear policies related to *Matter of A-B-*," that case addressed the scope of asylum under 8 U.S.C. § 1158, and did not "implement" section 1225(b)(1). Plaintiffs have yet to explain how they are challenging a policy implementing section 1225(b)(1) notwithstanding this facial inconsistency, such that the Court has jurisdiction over this claim and Plaintiffs have a cause of action to proceed in this Court. Defendants cannot fully address this liminal, essential inquiry unless and until Plaintiffs expound their theory of jurisdiction, which is why Plaintiffs have the burden of establishing jurisdiction at the earliest opportunity available, and should file their brief first, before Defendants. *See Sierra Club*, 292 F.3d at 901 (establishing requirement that Plaintiff "show[] in its opening brief that its claim to standing is beyond serious question" so that "a

respondent that continues to contest the petitioner's claim to standing will have the opportunity to make an informed response to the petitioner's showing, and the petitioner then will have an opportunity to reply to that objection in its reply brief").

Plaintiffs' suggestion that Defendants have conceded jurisdiction and so should file the first brief is misplaced, both because parties can never concede jurisdiction, and because counsel for Defendants did not in fact concede standing specifically or jurisdiction generally as Plaintiffs appear to suggest. Transcript, Hearing on Stay of Removal Proceedings, August 23, 2018, at 18 ("they haven't plausibly alleged a [section 1252(e)(3)] claim . . . . They can't challenge a board decision or an opinion of the Attorney General issued under his authority under 8 U.S.C. 1103"); *id*. at 19 ("the Court *may* have jurisdiction over the lawsuit, the Court *may* even have jurisdiction over the claims, if they properly pled them, but what the government's position is here today is that the Court doesn't have jurisdiction to enter the stay of removal pending resolution of the other merits issues in the case").


Dated: August 27, 2018                               Respectfully submitted,

                                                     By: */s/ Jennifer Chang Newell*
                                                     Jennifer Chang Newell
                                                     American Civil Liberties Union Foundation
                                                     Immigrants' Rights Project
                                                     39 Drumm Street
                                                     San Francisco, CA 94111
                                                     (415) 343-0774
                                                     Email: jnewell@aclu.org

                                                     *Attorney for Plaintiffs*

                                                     CHAD A. READLER
                                                     Acting Assistant Attorney General

                                                     WILLIAM C. PEACHEY
                                                     Director

By: */s/ Erez Reuveni*
EREZ REUVENI
Assistant Director
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Phone: (202) 307-4293
Facsimile: (202) 305-7000
Email: erez.r.reuveni@usdoj.gov

JOSEPH A. DARROW
CHRISTINA GREER
JOSHUA S. PRESS
Trial Attorneys

*Attorneys for Defendants*