# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GRACE et al.; <br><br> *Plaintiffs*, <br><br> v. <br><br> JEFFERSON BEAUREGARD SESSIONS III, Attorney General of the United States, et al., <br><br> *Defendants*. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 1:18-cv-01853 EGS <br> ) <br> ) <br> ) |

## DECLARATION OF CELSO J. PEREZ IN SUPPORT OF UNOPPOSED MOTION BY PLAINTIFF GIO TO LIFT STAY OF REMOVAL AS TO HIM ONLY

I, Celso J. Perez, make this declaration based on my own personal knowledge, and if called to testify I could and would do so competently as follows:

1. I am an attorney with the American Civil Liberties Union Foundation. I am licensed to practice law in the states of New York, California, Florida, and in the District of Columbia. My application to practice before this court is currently pending. I am one of the attorneys representing Plaintiffs in the above-entitled action.

2. Plaintiff Gio* is currently detained at the Buffalo Federal Detention Facility in Batavia, New York.

3. I personally met with Gio at the Buffalo Federal Detention Facility on August 23, 2018, to discuss his case and the conditions of his detention. I have also spoken to Gio about his case over the phone on several occasions, including on August 28, August 31, September 7, and September 10, 2018.

4. On Thursday, September 6, 2018, an immigration judge affirmed the negative credible fear determination issued to Gio. I spoke to Gio on at least two occasions after this determination. I explained his legal rights and the available options.

1

5. I have also reviewed the facts of Gio's asylum claim with him. In addition to the physical harms he suffered in his country of origin, the persecution and threats he has received have been a source of traumatic suffering and psychological distress.

6. Since he came to the United States and sought asylum in June 2018, Gio has been in immigration detention for approximately three months, in at least two separate facilities in the United States. It has been difficult for Gio to be detained away from his wife and child for this prolonged period of time, particularly because he is unable to communicate freely with his family. He has also suffered additional psychological distress as a result of his prolonged confinement, and the lack of psychological support received while in detention.

7. I have advised Gio of his rights under this Court's stay order, and under the immigration laws of the United States. Gio understands that it is the policy of the United States government to detain individuals in expedited removal like him. He understands that, although his removal has been stayed, he has no options for being promptly released from detention, other than requesting to be removed.

8. Gio fears that his life will be endangered if he returns to his home country. Nevertheless, given the hardship he continues to experience in detention, he wishes to have the stay of removal lifted as to him.

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

9. I believe that Gio's decision to ask the court to lift the stay of removal issued in this case is knowing and voluntary.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, based on my personal knowledge. Executed in Atlanta, Georgia, on September 14, 2018.

Dated: September 14, 2018                                                      Respectfully submitted,

    /s/ *Celso J. Perez*
Celso J. Perez***
American Civil Liberties Union Foundation
Immigrants' Rights Project
125 Broad St., 17th Floor
New York, NY 10004
(212) 549-2660

****Admission to D.D.C. pending*