UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GRACE, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:18-cv-01853-EGS |
| | ) | |
| JEFFERSON BEAUREGARD SESSIONS III, in his official capacity as Attorney General of the United States, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO HOLD MERITS BRIEFING IN ABEYANCE PENDING RESOLUTION OF EVIDENTIARY ISSUES, OR, IN THE ALTERNATIVE, FOR EXTENSION OF TIME TO FILE ITS SUMMARY JUDGMENT OPPOSITION AND REPLY**

Defendants respectfully move this Court to enter an order temporarily placing the merits briefing schedule in abeyance. The basis for this request is Plaintiffs' late-breaking and untimely motion to supplement the evidentiary record in this case with ***1,828 pages*** of extra-record documents, nearly a *month* after this Court's August 29, 2018 deadline for any "motion to complete/compel/supplement" the evidentiary record in this *Administrative Procedure Act* case. *See* Minute Entry 8/13/18. Plaintiffs' efforts to expand the record—in what they concede is a record-review case "limited to the administrative record," ECF 66-1 at 1—conflicts with binding D.C. Circuit precedent. If the Court does not reject Plaintiffs' efforts outright, then further briefing will be needed to resolve the evidentiary issues that Plaintiffs now inject into this case. In addition, Plaintiffs' eleventh-hour evidentiary motion undermines the good faith negotiations that Defendants undertook with Plaintiffs concerning a briefing schedule after Plaintiffs stated they would not contest the record in this case. Had Defendants known that they would instead in fact need to contend with 1,828 additional pages of extra-record materials, Defendants obviously would not have agreed to the schedule currently in place. At this point, Defendants have not had an opportunity to assess the proposed new evidentiary matter, and have less than a week to file

1

their merits response, which up until now was understood by Defendants—and, given Plaintiffs' representations, by the Court—to be based solely on the administrative record before the Court. Because a ruling on Plaintiffs' untimely submission of new record materials affects what arguments Defendants must make in their substantive brief, Defendants respectfully request the Court hold merits briefing in abeyance pending resolution of whether Plaintiffs' untimely materials will become part of the evidentiary record in this case.

Alternatively, because time is short, and Defendants have less than a week to review Plaintiffs' 64-page brief, assess their 1,828 pages of evidentiary submissions, and consider how to respond to Plaintiffs' motion to submit extra-record evidence, Defendants ask the Court to either order the parties to appear for a scheduling conference at its earliest convenience to address these issues, or grant Defendants a two-week extension, up to October 17, to permit them to effectively respond to Plaintiffs' pending evidentiary motion, 1,828 pages of new evidentiary matter, and Plaintiffs' summary judgment briefing.[1]

1. Plaintiffs invoke the Administrative Procedure Act (APA), 5 U.S.C. § 701, *et seq.*, to challenge the Attorney General's recent decision clarifying the law on asylum claims under 8 U.S.C. § 1158, *Matter of A-B-*, 27 I. & N. Dec. 316 (A.G. 2018) (*A-B-*), as applied to their credible fear proceedings, and United States Citizenship and Immigration Services' (USCIS) July 11, 2018 Policy Memorandum (PM), which is interpretive guidance informing its line officers how to apply *A-B-*. Plaintiffs also assert separation-of-powers and due-process claims that are redundant of their APA claim. *See* Complaint, ¶¶ 86-96; ECF 57-1 at 34 n.16, 37 n.18

2. It is well-settled in this Circuit that where Plaintiffs raise an APA claim, review is limited to the administrative record as certified by the agency. *See, e.g.*, *Hill Dermaceuticals, Inc. v. FDA*, 709 F.3d 44, 47 (D.C. Cir. 2013). And that is true also where, as here, Plaintiffs package claims similar to their APA claims as constitutional claims. *See, e.g.*, *Chiayu Chang v. United States Citizenship & Immigration Servs.*, 254 F. Supp. 3d 160, 162 (D.D.C. 2017) (Bates, J.) (collecting cases). It is similarly well-settled that "[i]n [this] Circuit, there is a well-established

---

[1] Defendants contacted Plaintiffs by email on two occasions concerning whether they would consent to part or all of this motion. As of this filing, Defendants have not heard back, although Defendants believe Plaintiffs oppose this motion.

presumption that an agency has properly designated the administrative record absent clear evidence to the contrary." *Greater Yellowstone Coal. v. Kempthorne*, No. 07–211, ECF No. 54, at 1-2 (May 23, 2008). Thus, a party may not supplement the record absent "a significant showing—variously described as a strong, substantial, or prima facie showing—that it will find material in the agency's possession indicative of bad faith or an incomplete record," *Air Transp. Ass'n of Am. v. Nat'l Mediation Bd.*, 663 F.3d 476, 487-88 (D.C. Cir. 2011), and may not rely on extra-record materials absent a showing of "bad faith or improper behavior on the part of the agency, or that, 'the record is so bare that it prevents effective judicial review.'" *Fund for Animals v. Williams*, 391 F. Supp. 2d 191, 198 (D.D.C. 2005) (citing *Commercial Drapery Contractors v. United States*, 133 F.3d 1, 7 (D.C.Cir.1998) and *Fund for Animals v. Williams*, 245 F. Supp. 2d 49, 58 (D.D.C. 2003)); *see also Children's Hosp. Ass'n of Texas v. Azar*, 300 F. Supp. 3d 190, 202 (D.D.C. 2018) (Sullivan, J.) (extra-record material not properly part of record-review case absent showing of "gross procedural deficiencies—such as where the administrative record itself is so deficient as to preclude effective review").

3. In keeping with these principles, at the TRO hearing in this case the Court advised the parties how the case should proceed: "So it seems to me . . . I'm going to want the administrative record, I'm going to give plaintiffs a chance to file a motion for summary judgement pursuant to our local and federal rules; I'm going to give the defendants an opportunity to file cross motions for summary judgment and/or a motion to dismiss raising whatever arguments it wants to raise, and give the plaintiffs a chance to file a reply; schedule an argument . . . ." Tr. (8/9/18) 25:13-20.

4. The Court's scheduling order, in turn, specifically instructed the parties to meet and confer concerning the scope of the administrative record and, if Plaintiffs disagreed with the scope of the evidentiary record, required the Plaintiffs to so inform the court through a motion no later than August 29, 2018. *See* Minute Entry 8/13/18 ("The parties shall attempt to resolve record disputes amongst themselves by no later than August 24, 2018. If the parties resolve the record disputes amongst themselves, the parties are ordered to submit a joint schedule proposal for further proceedings by no later than August 27, 2018. If the parties are unable to resolve any record

disputes, the parties shall adhere to the following schedule for resolution of any disputes by the Court: *Any motion to complete/compel/supplement shall be filed by no later than August 29, 2018 . . . .*") (emphasis added).

5. Following several rounds of conferral among the parties, Plaintiffs, by email dated Saturday, August, 25, 2018, at 4:34 P.M. Eastern, told Defendants: "we do not intend to dispute that you've produced the record relied on by the agency." Plaintiffs also did not indicate any intention to seek to supplement the record or introduce extra-record materials. Based on that representation, and consistent with this Court's scheduling order, the parties then negotiated a swift briefing schedule. *See* ECF 40. That briefing schedule did not contemplate time to challenge record or evidentiary issues because Plaintiffs had indicated that they would not challenge the record and because the Court's deadline for doing so had lapsed as of August 29, 2018.

6. Nevertheless, on Tuesday, September 25, at 4:35 P.M. Eastern, one day before Plaintiffs' summary-judgment brief was due and two weeks after Defendants filed their opening brief, Plaintiffs informed Defendants for the first time that they intended to "file a motion to consider evidence outside the administrative record." As Plaintiffs' pending motion demonstrates, Plaintiffs propose to introduce 1,828 pages of extra-record materials, including improper expert testimony, declarations from non-party attorneys, statements of various current and former government actors, and documents not part of the administrative record. *See* ECF 66-1 at 1 (citing ECF 10-2 to 10-7, 12-1 to 12-8, and 64-2 to 64-8).

7. These submissions are wholly inappropriate. The submissions flatly conflict with this Court's deadlines and with Plaintiffs' prior representations regarding the record. The submissions also conflict with Local Rule 7(h)(2)'s admonition that in record-review cases "motions for summary judgment and oppositions thereto shall include a statement of facts with references to the administrative record" only. Moreover, Defendants have not yet had any opportunity to review these materials or to meaningfully confer with Plaintiffs concerning whether it is appropriate to include them in the record in this case. Plaintiffs did not contact Defendants about these materials during the meet and confer concerning the record in August, and have at no time sought to discuss a motion to supplement the record or submit extra-record materials until

4

two days ago, two weeks after Defendants filed their opening brief.

8. Plaintiffs' late-breaking effort to modify the evidentiary record here by raising factual matter not properly subject to review in an APA action prejudices Defendants. Defendants brief in this case is due Wednesday, October 3—six days from today. Defendants already must respond to 64 pages of briefing as well as four amicus briefs that will be filed Friday, September 28. Now Defendants must also carefully review the 1,828 pages of extra-record materials Plaintiffs seek to add to the record in this case, determine whether those materials are properly part of the record, move to strike those materials if appropriate, and respond to new materials that were not part of initial briefing in this case. That means the Government must file a brief on October 3 without knowing what, if any, of Plaintiffs' extrinsic materials are part of the record. Such confusion under such tight briefing deadlines does not serve the efficient resolution of this case. Defendants' response brief in this case may look entirely different depending on whether some or all of Plaintiffs' material are in fact part of the record.

9. If the Court does not deny Plaintiffs' efforts to expand the record outright, the Court should enter a temporary abeyance of the merits briefing to allow the Court to address whether Plaintiffs' motion to supplement the record should be granted. In addition to the reasons set forth above, an abeyance is warranted because Plaintiffs had more than a fair opportunity to notify Defendants of their intention to seek to modify the evidentiary record, consistent with this Court's scheduling orders, and did not do so. It is also warranted because it would be unfair and inappropriate to allow Plaintiffs to cite these new materials in their brief, requiring Defendants to respond accordingly in short order, without any certainty as to whether they are properly part of the record in this case.

10. Defendants propose that the Court enter an abeyance, and issue an order instructing the parties to meet and confer by close of business Friday, September 28, concerning a reasonable schedule to brief whether the Court should permit Plaintiffs to expand the evidentiary record in this case, notwithstanding the fact the Court's deadline for such motions has long passed.

11. The Court has discretion to enter such an abeyance in order to ensure the efficient management of its docket and this case. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District

Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). And where, as here, a party seeks to inject new evidentiary matter into a record-review case, such a temporary abeyance to allow briefing of whether such supplementation is warranted is especially appropriate. *See, e.g.*, *Schoenman v. FBI*, 764 F. Supp. 2d 40, 44 (D.D.C. 2011) (describing Court's earlier order on motion to hold briefing in abeyance as concluding that "the most prudent course was to hold the [summary judgment brief] in abeyance" pending resolution of evidentiary issue arising from discovery dispute); *Our Children's Earth Found. v. Nat'l Marine Fisheries Serv.*, 85 F. Supp. 3d 1074, 1086 (N.D. Cal. 2015) ("hold[ing] in abeyance the motion [for] summary judgment" until discovery issue resolved); *accord Nat'l Min. Ass'n v. Jackson*, 856 F. Supp. 2d 150, 154 (D.D.C. 2012) (explaining that "summary judgment" motions are "not yet ripe for decision" when outstanding record issues exist). Indeed, where courts do allow the submission of extra-record evidence, they similarly hold the case in abeyance to allow for such submissions and to permit the parties to brief the issues fully on the record is completed. *See, e.g.*, *United States v. Dynamic Visions, Inc.*, 220 F. Supp. 3d 16, 19 (D.D.C. 2016) (summarizing prior order as holding summary judgment briefing "in abeyance to allow Plaintiff to supplement the record with competent affidavits on certain discrete issues"); *Toure-Davis v. Davis*, No. CIV.A. WGC-13-916, 2015 WL 993575, at *12 (D. Md. Mar. 4, 2015) (holding in abeyance, after determining supplementation is appropriate, "cross-motion for partial summary judgment" for at least "45 days" to allow completion of supplementation).

12. Accordingly, Defendants respectfully request that the Court enter a temporary abeyance of merits briefing, order the parties to meet and confer by Friday, September 28, concerning a briefing schedule concerning Plaintiffs' motion to submit extra-record materials, and decide what if any of Plaintiffs' 1,828 pages of additional materials may be part of the evidentiary record in this record-review case before further merits briefing proceeds.

Alternatively, Defendants request the Court either order the parties to appear for a scheduling conference no later than September 28, 2018 to address these issues, or grant Defendants a two-week extension, up to October 17, to permit them time to effectively review Plaintiffs' 1,828 pages of extra-record submissions, and respond to Plaintiffs' pending evidentiary

motion and its 64-page summary judgment brief while the Court considers these issues.

Dated: September 27, 2018

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director

By: */s/ Erez Reuveni*
EREZ REUVENI
Assistant Director
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Phone: (202) 307-4293
Facsimile: (202) 305-7000
Email: erez.r.reuveni@usdoj.gov

JOSEPH A. DARROW
CHRISTINA GREER
JOSHUA S. PRESS
Trial Attorneys

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2018, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of for the District of Columbia by using the appellate CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

By: */s/ Erez Reuveni*
EREZ REUVENI
Assistant Director
United States Department of Justice
Civil Division