# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GRACE, *et al.*; | ) |
| *Plaintiffs*, | ) No. 1:18-cv-01853 EGS |
| v. | ) |
| JEFFERSON BEAUREGARD SESSIONS III, Attorney General of the United States, *et al.*, | ) |
| *Defendants*. | ) |

**PLAINTIFFS' REPLY IN SUPPORT OF STATEMENT OF UNDISPUTED MATERIAL FACTS**

Defendants' opposition to Plaintiffs' Statement of Undisputed Material Facts relies solely on the premise that Local Rule 7(h)(2) governs this case rather than Local Rule 7(h)(1), and therefore it was improper for Plaintiffs to file their Statement. Tellingly, however, Defendants fail to cite the actual text of the Local Rule upon which they rely.

Local Rule 7(h)(2) provides that the requirement of filing a statement of undisputed material facts "shall not apply to cases in which judicial review is based *solely* on the administrative record." D.C. LCvR 7 (emphasis added). Here, as set forth more fully in Plaintiffs' Motion for Consideration of Evidence Outside of the Administrative Record and Plaintiffs' Reply in support thereof,[1] this is not a case in which judicial review should be based *solely* on the administrative record. Plaintiffs' claims are not confined to Administrative Procedure Act ("APA") claims and, even with respect to the APA claims, consideration of extra-record prior policies is warranted. Defendants themselves consistently cite to evidence outside of the administrative record. *See* Def. MSJ at 20 (referencing Refugee, Asylum, and International Operations Directorate Officer Training Course, Credible Fear of Persecution and Torture Determinations (Feb. 13, 2017)); *id.* at 33 (same); *id.* at 36 (same); *id.* at 29-30 (citing Department of Justice brief not part of the administrative record); Def. MSJ Opp. at 34 n.16 (citing Executive Office of Immigration Review memorandum that is not part of the administrative record). Thus, based on its plain language, Local Rule 7(h)(2) does not apply.[2]

---

[1] Plaintiffs hereby incorporate the arguments set forth in their Motion for Consideration of Evidence Outside of the Administrative Record and Reply in support thereof.

[2] The cases cited by Defendants are not to the contrary as they either did not involve extra-record evidence at all or the court did not rely on such evidence in reaching its decision. *Gore v. D.C.*, 67 F. Supp. 3d 147, 151 n.3 (D.D.C. 2014) (quoting Rule 7(h)(2)'s language providing that statement of fact requirement is not applicable in cases "solely" based on administrative record; extra-record evidence not at issue); *Davis v. Pension Ben. Guar. Corp.*, 815 F. Supp. 2d 283, 290-92 (D.D.C. 2011) (Kennedy, J.) (declining to consider extra-record evidence relied upon to dispute factual basis of agency decision); *Koretoff v. Vilsack*, 841 F.

Because they rely solely on the inapplicable Local Rule 7(h)(2), Defendants decline to dispute any specific statement of fact set forth by Plaintiffs. Def. SoF Opp. at 3. At a minimum, this means that Plaintiffs' facts that are supported by the administrative record are uncontroverted and should be deemed so by the Court.

Defendants strangely contend that their own Statement of Facts should be deemed unopposed, Def. SoF Opp. at 3, but Defendants did not include a Statement of Facts either separately or in their Summary Judgment motion. Further, Plaintiffs have clearly indicated their disagreement with Defendants' interpretation of the record where appropriate.

With regard to Plaintiffs' statements of fact that rely on extra-record evidence, Defendants similarly opt not to dispute any of the facts either specifically or generally. Def. SoF Opp. at 3. In their opposition to Plaintiffs' evidence motion, Defendants do selectively object to a small portion of the evidence as not meeting the standards for summary judgment evidence. But, as Plaintiffs explain more fully in their evidentiary reply, Defendants' unsupported arguments rely on a misunderstanding of the hearsay rule or hearsay exceptions. Further, Defendants have raised no such objections to the vast majority of evidence offered by Plaintiffs, which renders moot their unsupported statement that Plaintiffs have no evidence on which to base their summary judgment motion, Def. SoF Opp. at 1. Accordingly, if the Court grants Plaintiffs' Motion for Consideration of Evidence Outside of the Administrative Record, then the facts that are based on such evidence should be deemed unopposed. D.C. LCvR 7 ("[T]he Court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.").

---

Supp. 2d 1, 3 n.1 (D.D.C. 2012) (Huvelle, C.J.) *aff'd*, 707 F.3d 394 (D.C.Cir. 2013) (determining that plaintiffs' claims failed regardless of extra-record evidence).

Dated: October 24, 2018                               Respectfully submitted,

|  |  |
|---|---|
|  | */s/ Jennifer Chang Newell* |
| Eunice Lee\*\* | Jennifer Chang Newell\*\* |
| Karen Musalo\*\* | Katrina Eiland\*\* |
| Anne Dutton\*\* | Cody Wofsy\*\* |
| Center for Gender & Refugee Studies | Julie Veroff |
| 200 McAllister St. | American Civil Liberties Union Foundation, |
| San Francisco, CA 94102 | Immigrants' Rights Project |
| (415) 565-4877 | 39 Drumm Street |
|  | San Francisco, CA 94111 |
| Scott Michelman (D.C. Bar No. 1006945) | (415) 343-0774 |
| Arthur B. Spitzer (D.C. Bar No. 235960) |  |
| American Civil Liberties Union Foundation | Judy Rabinovitz\*\* |
|     of the District of Columbia | Omar C. Jadwat\*\* |
| 915 15th Street NW, Second Floor | Lee Gelernt |
| Washington, D.C. 20005 | Celso J. Perez (D.C. Bar No. 1034959) |
| (202) 457-0800 | American Civil Liberties Union Foundation, |
|  | Immigrants' Rights Project |
| Thomas Buser-Clancy\*\* | 125 Broad Street, 18th Floor |
| Andre Segura\*\* | New York, NY 10004 |
| ACLU Foundation of Texas | (212) 549-2660 |
| P.O. Box 8306 |  |
| Houston, TX 77288 | Sandra S. Park\*\* |
| (713) 942-8146 | Emma Roth\*\* |
|  | Lenora M. Lapidus |
|  | American Civil Liberties Union Foundation, |
| *Attorneys for Plaintiffs* | Women's Rights Project |
|  | 125 Broad Street, 18th Floor |
| \*\**Admitted pro hac vice* | New York, NY 10004 |
|  | (212) 519-7871 |

3