**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

GRACE et al.;

    *Plaintiffs*,

v.

JEFFERSON BEAUREGARD SESSIONS III,
Attorney General of the United States, et al.,

    *Defendants*.

)
)
)
)
)
)
)
)
)
)

No. 1:18-cv-01853 EGS

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO CONSIDER EVIDENCE
OUTSIDE OF THE ADMINISTRATIVE RECORD AND OPPOSITION TO
DEFENDANTS' CROSS-MOTION TO STRIKE**

# TABLE OF CONTENTS

Table of Contents ................................................................................................................ i

Table of Authorities ........................................................................................................... ii

I.    Introduction .............................................................................................................. 1

II.   Argument................................................................................................................... 3

    a)   In Evaluating Plaintiffs' APA Claims, This Court Should Consider the Evidence of
       Prior  Policies Submitted By Plaintiffs............................................................... 3

      i) Consideration of Extra-Record Evidence of Prior Policies is Proper ...................... 3

      ii) The Prior Policy Evidence Submitted By Plaintiffs Should Be Considered ............ 6

    b)   This Court Should Consider the Evidence Submitted In Support of Plaintiffs' Due
       Process Claim ................................................................................................... 8

      i)    Consideration of Evidence Outside of the Administrative Record with Respect to
        Plaintiffs' Due Process Claim is Proper..................................................... 8

      ii)   The Due Process Evidence Plaintiffs Have Submitted Is Proper Summary
        Judgment Evidence ................................................................................. 13

    c)   This Court Should Consider Evidence Outside of the Administrative Record with
       Respect to Plaintiffs' Claim for Injunctive Relief...................................... 14

    d)   Plaintiffs' Motion Was Timely Filed ...................................................... 17

III.  Conclusion ............................................................................................................. 20

# TABLE OF AUTHORITIES

**Cases**

*All. for Nat. Health U.S. v. Sebelius,*
   714 F. Supp. 2d 48 (D.D.C. 2010) ........................................................................ 13

*Audubon Soc'y of Portland v. Zinke,*
   No. 117CV00069CLLEAD, 2017 WL 2172439 (D. Or. May 16, 2017) ............................... 20

*Bellion Spirits, LLC v. United States,*
   — F. Supp. 3d —, No. 17-2538 (JEB), 2018 WL 4637013 (D.D.C. Sept. 27, 2018) .............. 10

*Brady Campaign to Prevent Gun Violence v. Salazar,*
   612 F. Supp. 2d 1, 11 (D.D.C. 2009) ..................................................................... 15

*Calloway v. Harvey,*
   590 F. Supp. 2d 29 (D.D.C. 2008) .......................................................................... 4

*Camp v. Pitts,*
   411 U.S. 138 (1973) ..................................................................................... 6, 10

*Caperton v. A.T. Massey Coal Co.,*
   556 U.S. 868 (2009) ......................................................................................... 8

*Carlsson v. U.S. Citizenship & Immigration Servs.,*
   No. 2:12-CV-07893-CAS, 2015 WL 1467174 (C.D. Cal. Mar. 23, 2015) .............................. 9

*Chesapeake Climate Action Network v. Exp.-Imp. Bank of the United States,*
   78 F. Supp. 3d 208 (D.D.C. 2015) ..................................................................... 4, 19

*Chiayu Chang v. U.S. Citizenship & Immigration Servs.,*
   254 F. Supp.3d 160 (D.D.C. 2017) ....................................................................... 11

*Children's Hosp. Ass'n of Texas v. Azar,*
   300 F. Supp. 3d 190 (D.D.C. 2018) .................................................................. 16, 20

*Citizens to Pres. Overton Park, Inc. v. Volpe,*
   401 U.S. 402 (1971) ........................................................................................ 10

*Commercial Drapery Contractors, Inc. v. United States,*
   967 F. Supp. 1 (D.D.C. 1997) ............................................................................. 12

*Cronin v. U.S. Dep't of Agric.,*
   919 F.2d 439 (7th Cir. 1990) .............................................................................. 17

*Ctr. for Biological Diversity v. Ross*,
  No. CV 18-112 (JEB), 2018 WL 4828406 (D.D.C. Oct. 4, 2018)........................................... 15

*Czerkies v. U.S. Dep't of Labor*,
  73 F.3d 1435 (7th Cir. 1996).............................................................................................. 11

*Dangler on Behalf of Dangler v. Yorktown Cent. Sch.*,
  771 F. Supp. 625 (S.D.N.Y. 1991) ...................................................................................... 16

*Doraiswamy v. Sec'y of Labor*,
  555 F.2d 832 (D.C. Cir. 1976) .............................................................................................. 6

*Eco Tour Adventures, Inc. v. Zinke*,
  249 F. Supp. 3d 360 (D.D.C. 2017) ................................................................................ 15, 16

*Grill v. Quinn*,
  No. CIV S-10-0757 GEB, 2012 WL 174873 (E.D. Cal. Jan. 20, 2012) .................................... 9

*Hall v. Sebelius*,
  689 F. Supp. 2d 10 (D.D.C. 2009) ........................................................................................ 7

*Heckler v. Chaney*,
  470 U.S. 821 (1985) ........................................................................................................... 10

*Herman v. Associated Elec. Co-op., Inc.*,
  994 F. Supp. 1147 (E.D. Mo. 1998)..................................................................................... 17

*Hill Dermaceuticals, Inc. v. U.S. Food & Drug Admin.*,
  No. CIV.A. 11-1950 RCL, 2012 WL 5914516 (D.D.C. May 18, 2012) .................................. 15

*Hispanic Affairs Project v. Acosta*,
  901 F.3d 378 (D.C. Cir. 2018) .............................................................................................. 5

*Jones v. Rose*,
  No. 00-CV-1795-BR, 2008 WL 552666 (D. Or. Feb. 28, 2008) .............................................. 9

*Kadi v. Geithner*,
  42 F. Supp. 3d 1 (D.D.C. 2012) ............................................................................................ 9

*Leadership Conference on Civil Rights v. Gonzales*,
  404 F. Supp. 2d 246 (D.D.C. 2005) ...................................................................................... 7

*Lone Mountain Processing, Inc. v. Sec'y of Labor*,
  709 F.3d 1161 (D.C. Cir. 2013) ............................................................................................ 5

*Markham v. United States*,
    434 F.3d 1185 (9th Cir. 2006) ........................................................................ 11

*Monsanto Co. v. Geertson Seed Farms*,
    561 U.S. 139 (2010) ........................................................................................ 16

*Munsell v. Dep't of Agric.*,
    509 F.3d 572 (D.C. Cir. 2007) ........................................................................ 11

*Nat'l Broad. Co., Inc. v. United States*,
    319 U.S. 190 (1943) ........................................................................................ 10

*Nat'l Med. Enterprises, Inc. v. Shalala*,
    826 F. Supp. 558 (D.D.C. 1993) ............................................................. 9, 12, 19

*Nat'l Min. Ass'n v. Jackson*,
    856 F. Supp. 2d 150 (D.D.C. 2012) ............................................................ 4, 19

*Oceana, Inc. v. Pritzker*,
    126 F. Supp. 3d 110 (D.D.C. 2015) ................................................................ 19

*Pac. Shores Subdivision, California Water Dist. v. U.S. Army Corps of Engineers*,
    448 F. Supp. 2d 1 (D.D.C. 2006) .................................................................... 18

*Peoples Gas, Light & Coke Co. v. U.S. Postal Serv.*,
    658 F.2d 1182 (7th Cir. 1981) ........................................................................ 10

*POM Wonderful, LLC v. F.T.C.*,
    777 F.3d 478 (D.C. Cir. 2015) ........................................................................ 11

*Pub. Employees for Envtl. Responsibility v. United States Fish & Wildlife Serv.*,
    189 F. Supp. 3d 1 (D.D.C. 2016) .................................................................... 16

*Puerto Rico Pub. Hous. Admin. v. U.S. Dept. of Hous. & Urban Dev.*,
    59 F. Supp. 2d 310 (D.P.R. 1999) .................................................................... 9

*Rydeen v. Quigg*,
    748 F. Supp. 900 (D.D.C.1990) ............................................................... 9, 12, 13

*Safari Club Int'l v. Jewell*,
    111 F. Supp. 3d 1 (D.D.C. 2015) .................................................................... 18

*Sierra Club v.  U.S. Dep't. of Agric., Rural Utilities Serv.*,
    841 F. Supp. 2d 349 (D.D.C. 2012) ................................................................ 16

*Standing Rock Sioux Tribe v. U.S. Army Corps of Engineers*,
   282 F. Supp. 3d 91 (D.D.C. 2017) ........................................................................................ 16

*Stone v. Chao*,
   284 F. Supp. 2d 241 (D. Mass. 2003) ................................................................................... 11

*Sugrue v. Derwinski*,
   26 F.3d 8 (2d Cir. 1994) ....................................................................................................... 11

*Tagg Bros. & Moorhead v. United States*,
   280 U.S. 420 (1930) .............................................................................................................. 10

*The Cape Hatteras Access Pres. All. v. U.S. Dep't of Interior*,
   667 F. Supp. 2d 111 (D.D.C. 2009) ...................................................................................... 19

*United Student Aid Funds, Inc. v. Devos,*
   237 F. Supp. 3d 1 (D.D.C. 2017) ............................................................................................ 5

*Wannall v. Honeywell, Inc.*,
   775 F.3d 425 (D.C. Cir. 2014) ......................................................................................... 3, 15

*Webster v. Doe*,
   486 U.S. 592 (1988) ................................................................................................................ 9

*Whitaker v. Thompson*,
   248 F. Supp. 2d 1 (D.D.C. 2002) .......................................................................................... 11

*WildEarth Guardians v. Salazar*,
   670 F. Supp. 2d 1 (D.D.C. 2009) .......................................................................................... 19

*Z St., Inc. v. Koskinen*,
   44 F. Supp. 3d 48, 65 (D.D.C. 2014) .................................................................................... 13

## Rules

Fed. R. Civ. 56(c)(4) ................................................................................................................... 13

Fed. R. Evid. 801(2) .................................................................................................................... 14

Fed. R. Evid. 801(c) ..................................................................................................................... 14

## I.   Introduction

Plaintiffs have requested that the Court consider evidence outside of the administrative record for three purposes: (1) with respect to Plaintiffs' Administrative Procedure Act ("APA") claims, to evaluate whether Defendants' challenged policies are an impermissible departure from prior policies; (2) in considering Plaintiffs' due process cause of action; and (3) to evaluate Plaintiffs' request for injunctive relief.  Defendants' Opposition[1] trumpets the general limits of APA review, but fails to adequately respond to Plaintiffs' arguments that the submitted evidence either falls within well-recognized exceptions to administrative record review or is used to support claims that fall outside of the APA and is therefore not subject to such limitations.[2]

First, with respect to Plaintiffs' APA claims, and apart from Plaintiffs' substantive challenge to the policies, there exists a fundamental dispute about whether Defendants' new policies constitute an impermissible, *sub silentio* departure from prior policies.  Plaintiffs therefore seek to introduce extra-record evidence of those prior policies.  Defendants have no answer for how this Court can resolve such a dispute without reviewing evidence of the policies themselves, which are not part of the administrative record.  Instead, they object that APA claims are normally limited to the administrative record, but ignore that the submitted evidence falls squarely into well-recognized exceptions to that general rule.  Namely, Defendants failed to consider the extremely relevant factor of their departure from prior policies and failed to

---

[1] Defendants filed the same memorandum twice: (1) as an opposition to Plaintiffs' evidentiary motion, Dkt. No. 87, and (2) as a cross-motion to strike Plaintiffs' evidence, Dkt No. 88-1.  For the purposes of consistency, this reply and cross-opposition shall refer to the opposition, hereinafter "Def. Evid. Opp."

[2] Defendants also argue that Plaintiffs' Statement of Facts should be stricken, Def. Evid. Opp. at 5; however, as set forth more fully in Plaintiffs' Reply in Support of their Statement of Facts, Defendants' argument rests on the erroneous assertion that Plaintiffs have filed only APA claims.  Plaintiffs further hereby incorporate the arguments raised in their Reply in Support of their Statement of Facts.

1

adequately explain their departure from prior policies (by not acknowledging any departure and failing to explain it at all). Therefore, effective judicial review requires consideration of the prior policies.

Second, Defendants argue that Plaintiffs' due process claim does not justify consideration of evidence outside of the administrative record. However, Defendants ignore ample case law to the contrary. At best, Defendants have shown that where constitutional claims are duplicative of an APA claim, consideration of other evidence is not warranted. But here, Plaintiffs' due process claim, which argues that the new policies create an impermissible perception of bias against credible fear applicants raising claims relating to domestic violence and gang violence, is fundamentally different from their APA claims, and therefore the Court's evidentiary review is not limited to the administrative record.

Third, Defendants have almost nothing to say about Plaintiffs' request that the Court consider evidence outside of the administrative record with respect to their request for injunctive relief. Defendants assert, in a footnote, that because the Court consolidated the motion for a preliminary injunction with the summary judgment motion the need to demonstrate the preliminary injunctive factors is moot. But that response simply ignores that Plaintiffs seek *permanent* injunctive relief beyond vacatur of the policies, and Defendants do not contest that it is proper for a Court to consider evidence outside the administrative record when evaluating the elements of permanent injunctive relief. Therefore, this evidence should be considered.

Finally, Defendants repeat their suggestion that Plaintiffs' Motion for Consideration of Evidence Outside of the Administrative Record was untimely. But, as Plaintiffs have previously explained, Defendants' argument confuses supplementing the administrative record and seeking consideration of evidence outside the administrative record. This Court previously ordered the

parties to resolve the contents of the administrative record prior to summary judgment briefing.

The parties did just that, and Plaintiffs have not and do not dispute that Defendants have

produced the record considered by the agency.  Rather, Plaintiffs seek consideration of materials

*outside* of the administrative record, and their motion is timely.


## II.    Argument

### a)  In Evaluating Plaintiffs' APA Claims, This Court Should Consider the Evidence of Prior Policies Submitted By Plaintiffs

*i)      Consideration of Extra-Record Evidence of Prior Policies is Proper*

Plaintiffs request that this Court consider extra-record evidence of prior policies from

which Defendants' challenged policies impermissibly depart.  The evidence submitted by

Plaintiffs consists of government training manuals, memoranda, and a government brief

demonstrating the existence of prior policies, and declarations from a retired Immigration Judge

and a former Asylum Officer explaining that *Matter of A-B-* and the subsequent guidance marks

a change in policy.[3]

As an initial matter, Defendants do not contest, and therefore concede, that evidence of

the prior policies may be reviewed with respect to Defendants' own timeliness arguments, which

Defendants characterize as standing arguments (although Plaintiffs contest that characterization).

*See* Pl. Mot. 6; *Wannall v. Honeywell, Inc.*, 775 F.3d 425, 428 (D.C. Cir. 2014) ("[I]f a party

files an opposition to a motion and therein addresses only some of the movant's arguments, the

court may treat the unaddressed arguments as conceded.").  Defendants continue to argue that

Plaintiffs' case is untimely because the challenged policies are more than 60-days old.  Def. MSJ

at 23-25; Def. MSJ Opp. at 14-16.  Plaintiffs' extra-record evidence of prior policies is relevant

---

[3]  *See* Pl. Evid. Mot. at 6 n.5, 7 n.6.

to show that the challenged policies are in fact new, and, therefore maybe considered. *Cf. Chesapeake Climate Action Network v. Exp.-Imp. Bank of the United States*, 78 F. Supp. 3d 208, 217 (D.D.C. 2015) ("[P]laintiffs may submit extra-record evidence to establish standing.").

With respect to Plaintiffs' APA claims, Defendants rely heavily on the rule that APA claims are generally limited to the administrative record, citing a litany of cases to that effect. But this general principal is not disputed. Instead, Plaintiffs rely on well-recognized exceptions to that rule, exceptions which Defendants concede. Defendants' opposition recognizes that consideration of extra-record evidence *is appropriate* where necessary in order to effectuate judicial review. Def. Evid. Opp. at 9 (citing *Calloway v. Harvey*, 590 F. Supp. 2d 29, 38 (D.D.C. 2008) ("Underlying all of these exceptions is the assessment that resort to extra-record information [is necessary] to enable judicial review to become effective")). Further, both parties agree that the D.C. Circuit recognizes four circumstances under which consideration of extra-record evidence is appropriate when evaluating an APA claim:

> (1) when the agency failed to examine all relevant factors; (2) when the agency failed to explain adequately its grounds for its decision; (3) when the agency acted in bad faith; or (4) when the agency engaged in improper behavior.

*Nat'l Min. Ass'n v. Jackson*, 856 F. Supp. 2d 150, 156–57 (D.D.C. 2012); Def. Evid. Opp. at 11.

Defendants erroneously assert that Plaintiffs fail to specify which exceptions warrant consideration of the extra-record prior policies. Def. Evid. Opp. at 12. But Plaintiffs' Motion explicitly established that consideration of extra-record evidence with respect to the prior policies was warranted "both because the government did not consider all relevant factors— namely, it did not consider that its decision constituted a departure from prior policy—and because the government has not adequately explained its justification for departing from prior policies." Pl. Evid. Mot. at 5. Defendants fail to respond to this point, and more broadly have no

4

adequate answer for how this Court can evaluate whether the challenged policies are an impermissible *sub silentio* departure from prior policies without being able to review evidence of the prior policies themselves.  In other words, to effectuate judicial review, consideration of the extra-record prior policies is necessary.

Defendants further ignore that, in similar situations, courts have permitted review of extrinsic evidence.  Pl. Evid. Mot. at 6 (citing cases, including *United Student Aid Funds, Inc. v. Devos*, 237 F. Supp. 3d 1, 4-5 (D.D.C. 2017) (considering extra-record evidence where "[t]he administrative record in this case sheds no light on two factual issues central to resolving whether the Dear Colleague Letter announced a 'new rule' in a manner that satisfies the APA.")); *cf. Hispanic Affairs Project v. Acosta*, 901 F.3d 378, 386 n.4 (D.C. Cir. 2018) (reversing decision to strike extra-record evidence; holding that declarations outside the administrative record are permissible to prove existence of DHS policy).

Instead of responding to these arguments, Defendants suggest that a claim that the agency improperly changed its policy without acknowledging or reasonably explaining the change is an improper challenge to the substantive soundness of the agency action.  Def. Evid. Opp. at 12-13. That is incorrect.  The requirement that an agency acknowledge and explain its change in position is procedural in nature and does not preclude the agency from ultimately reaching the same result.  *See, e.g.*, *Lone Mountain Processing, Inc. v. Sec'y of Labor*, 709 F.3d 1161, 1164 (D.C. Cir. 2013) (explaining that in such cases, the agency "may well arrive at the same result it reached originally").

As set forth in Plaintiffs' evidentiary motion, Defendants' own reference to extra-record prior policy material confirms the necessity of extra-record review.  Pl. Evid. Mot. at 5 (citing Def. MSJ at 20 (referencing Refugee, Asylum, and International Operations Directorate Officer

Training Course ("RAIO"), Credible Fear of Persecution and Torture Determinations (Feb. 13,

2017)); *id.* at 33 (same); *id.* at 36 (same)).  Defendants' response that they only mention such

policy material because it was included in Plaintiffs' Complaint, Def. Evid. Opp. at 13, is no

answer at all and proves Plaintiffs' point: in order to review whether the government departed

from prior policies, those prior policies must be evaluated.[4]

ii)      *The Prior Policy Evidence Submitted By Plaintiffs Should Be Considered*

Defendants' arguments about the specific evidence submitted by Plaintiffs fare no better

than their general objections.

Defendants assert that the policy materials that Plaintiffs rely on "may have changed over

time," but they offer no support for this bald speculation.  Def. Evid. Opp. at 13.  Presumably, if

the prior policies that Plaintiffs point to, which include policy materials as recent as last year,[5]

were actually outdated, Defendants would have been able to demonstrate as such, but they have

failed to do so, and their bare speculation cannot justify a failure to consider the materials

submitted by Plaintiffs.

Defendants further argue that submission of third-party declarations is unnecessary

because whether the challenged policies break with past policies could be ascertained by

reviewing prior decisions of the Attorney General, BIA, and Courts of Appeal.[6]  Def. Evid. Opp.

---

[4]  Defendants also cite *Doraiswamy v. Sec'y of Labor*, 555 F.2d 832, 842–43 (D.C. Cir. 1976) and *Camp v. Pitts*, 411 U.S. 138, 142 (1973).  However, both of those cases simply recite the general standards for APA review, and neither deals with whether the consideration of extra-record evidence is appropriate to ascertain whether the government impermissibly departed from prior policies.

[5] Refugee, Asylum, and International Operations Directorate Officer ("RAIO") Training Course, Credible Fear of Persecution and Torture Determinations (Feb. 13, 2017) attached as Exhibit F to Mujahid Decl.

[6] Defendants also erroneously conflate the declarations submitted by Plaintiffs.  Plaintiffs offer only two factual declarations with respect to their APA claims—those of a retired Immigration Judge and a former Asylum Officer.  Declaration of Rebecca Jamil ("Jamil Decl.");

at 14.  But of course, such prior decisions are not the sole source of policy regarding the

expedited removal system or the asylum or credible fear process.  Tellingly, not a single case that

Defendants cite in their footnote for this argument addresses expedited removal or credible fear

procedures.  Def. Evid. Opp. at 14 n.10.  Further, Defendants do not and cannot dispute that

policies can be reflected in a variety of sources, including training manuals and memoranda.

*See. e.g.*, *Leadership Conference on Civil Rights v. Gonzales*, 404 F. Supp. 2d 246, 255 (D.D.C.

2005) ("The Court agrees with Plaintiff that the 2004 training manual is at a minimum the policy

of the Director of the Election Crimes Branch if not the Department of Justice."); *Hall v.

Sebelius*, 689 F. Supp. 2d 10, 21 (D.D.C. 2009) (applying APA review to policies set forth in

manual).  As such, the materials submitted by Plaintiffs to demonstrate the existence of contrary

prior policies, including the third party declarations, are proper.

      Finally, Defendants also try to disavow the sole brief submitted by Plaintiffs by arguing

that Immigration Customs and Enforcement ("ICE") authored the brief and ICE is not a

Defendant here.  Def. Evid. Opp. at 15.  But the Secretary of the Department of Homeland

Security ("DHS") is a Defendant, and ICE is of course a component of DHS.  Defendants offer

no reason to believe that ICE's understanding of what constituted government policy would be

incorrect.  Moreover, even as they suggest that it is improper for Plaintiffs to rely on prior

government briefing, Defendants themselves seek to rely on such briefing, although they did not

---

Declaration of Ethan Nasr ("Nasr Decl.").  These declarations establish that the challenged
policies mark a change from prior policy.  Plaintiffs have also submitted the declaration of
Deborah Anker, which details the history and contemporaneous understanding of the Refugee
Act and common understandings of various facets of credible fear and asylum law, and
demonstrates both the existence of prior policies and to show that Defendants failed to consider
all relevant factors.  This is the only declaration that Plaintiffs have requested the court consider
as an amicus if it does not consider it as extra-record evidence. Further, the Jamil, Nasr, and
Anker declarations are the only declarations submitted with respect to Plaintiffs' APA claims.
The remaining declarations relate to Plaintiffs' due process claims or the injunctive relief factors.

request permission from this Court to consider their extra-record evidence.  *See* Def. MSJ at 29-30 (citing Department of Justice brief).

**b) This Court Should Consider the Evidence Submitted In Support of Plaintiffs' Due Process Claim**

*i) Consideration of Evidence Outside of the Administrative Record with Respect to Plaintiffs' Due Process Claim is Proper*

Defendants argue that Plaintiffs should not be able to submit evidence outside of the administrative record with respect to their due process claim because it is duplicative of their APA claim.  Not so.  As Plaintiffs have repeatedly argued, including in their Motion for Summary Judgment, their due process claim is distinct from their APA claim.  Pl. MSJ at 32; *see also* Pl. MSJ Reply at Part II.A.2.  Plaintiffs argue that even if the new policy did not violate their statutory right to an individualized determination, it would still deprive Plaintiffs of their due process right to a neutral adjudicator by creating an impermissible perception of bias.  *See* Pl. MSJ Reply at Part II.A.2; *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 881 (2009) (explaining that the neutrality inquiry "is an objective one [that] asks not whether the judge is actually, subjectively biased, but . . . *whether there is an unconstitutional 'potential for bias'*") (emphasis added).  Notably, while the crux of Plaintiffs' statutory claim is to attack the legal correctness of the policy against credible fear claims pertaining to domestic violence and gang violence, Plaintiffs' due process claim is focused not on substance but on the improper appearance of bias created by that policy—a perception that is reinforced by the surrounding procedural and factual context.

Defendants do not even address the numerous cases cited by Plaintiffs in which courts of this circuit have considered evidence outside the administrative record when evaluating a due

process claim, other than to erroneously claim that they are out of circuit.[7]  *See* Pl. Evid. Mot. at

9 (citing *Nat'l Med. Enterprises, Inc. v. Shalala*, 826 F. Supp. 558, 565 n.11 (D.D.C. 1993), *aff'd*,

43 F.3d 691 (D.C. Cir. 1995); *Rydeen v. Quigg*, 748 F. Supp. 900, 906 (D.D.C.1990), *aff'd*

*without op.*, 937 F.2d 623 (Fed. Cir. 1991), *cert. denied* 502 U.S. 1075 (1992)); *see also, e.g.*,

*Kadi v. Geithner*, 42 F. Supp. 3d 1, 25 (D.D.C. 2012) ("In reviewing Kadi's constitutional

claims, the Court has consulted materials outside the pleadings, including the exhibits attached

by both parties to their pleadings, as well as the administrative record."); *Webster v. Doe*, 486

U.S. 592, 604 (1988) (recognizing propriety of discovery relating to constitutional claims apart

from APA claim); *Puerto Rico Pub. Hous. Admin. v. U.S. Dept. of Hous. & Urban Dev.*, 59 F.

Supp. 2d 310, 328 (D.P.R. 1999) (citing *Webster* and observing that "[t]he United States

Supreme Court has held that a plaintiff who is entitled to judicial review of its constitutional

claims under the APA is entitled to discovery in connection with those claims.").[8]

---

[7] Although Plaintiffs' Motion cited to cases within this circuit, courts outside of this circuit also routinely consider evidence outside of the administrative record when evaluating constitutional arguments.  *See Jones v. Rose*, No. 00-CV-1795-BR, 2008 WL 552666, at *12 (D. Or. Feb. 28, 2008), *aff'd*, 495 F. App'x 788 (9th Cir. 2012) ("The Corps, joined by the Port, moves to strike Kienle's First Affidavit on the ground that it includes materials that 'are not part of the administrative records' in this case. This objection again misses the mark because Plaintiff submitted Kienle's First Affidavit in support of his constitutional claim rather than his APA or NEPA claims and, therefore, may offer otherwise admissible extra-record materials in support of this claim."); *Carlsson v. U.S.  Citizenship & Immigration Servs.,* No. 2:12-CV-07893-CAS, 2015 WL 1467174, at *13 (C.D. Cal. Mar. 23, 2015) ("A plaintiff may under some circumstances maintain a constitutional due process claim alongside arbitrary and capricious APA claims, and conduct discovery in support of those claims."); *Grill v. Quinn*, No. CIV S-10-0757 GEB, 2012 WL 174873, at *2 (E.D. Cal. Jan. 20, 2012) (citation omitted) ("The amended complaint contains a claim for violation of procedural due process in addition to the APA claim. A direct constitutional challenge is reviewed independent of the APA.  As such the court is entitled to look beyond the administrative record in regard to this claim.").

[8] Defendants also cite a string of Supreme Court cases and a circuit case at the end of their argument, again for the proposition that review of APA claims is generally limited to the administrative record, but, save one notable exception, these cases do not concern whether a

The distinction between Plaintiffs' due process claim and their APA claim renders inapposite the two cases on which Defendants principally rely.  In *Bellion Spirits, LLC v. United States*, — F. Supp. 3d —, No. 17-2538 (JEB), 2018 WL 4637013 (D.D.C. Sept. 27, 2018), the court declined to consider as extra-record evidence two declarations that were offered to challenge the wisdom of the administrative agency's decision.  *Bellion* did not categorically rule that evidence outside of the administrative record could not be considered with respect to constitutional claims.  *Id.* at *7 ("The Court declines to adopt any bright line or categorical rule.").  Instead, the Court noted that because the issue for which the evidence was offered—the propriety of the agency decision—fundamentally overlapped with the APA claim, it would decline to consider the evidence.  *Id.* ("Bellion is not entitled to supplement the administrative record for any constitutional claim that requires the Court to analyze the substance of an agency's decision that is, in turn, based on an evaluation of that record.").  Here, in contrast, Plaintiffs raise a due process claim that does not challenge the substance of the agency policy.[9]

---

court may consider evidence outside of the administrative record when addressing a constitutional claim. Def. Evid. Opp. at 21 (citing *Heckler v. Chaney*, 470 U.S. 821 (1985); *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402 (1971); *Camp*, 411 U.S. 138 ; *Nat'l Broad. Co., Inc. v. United States*, 319 U.S. 190 (1943); *Peoples Gas, Light & Coke Co. v. U.S. Postal Serv.*, 658 F.2d 1182 (7th Cir. 1981)).  In *Tagg Bros. & Moorhead v. United States*, 280 U.S. 420, 443 (1930), the Court recognized that review of constitutional issues may not be limited to the agency record.  Defendants' quotation removes the crucial qualifier from the opinion: "The validity of an order of the Secretary, like that of an order of the Interstate Commerce Commission, must be determined upon the record of the proceedings before him-***save as there may be an exception of issues presenting claims of constitutional right***, a matter which need not be considered or decided now."  *Tagg Bros.*, 280 U.S. at 443 (emphasis added).

[9] Defendants also rely heavily on non-binding, out-of-circuit cases in support of their argument.  Def. Evid. Opp. at 18-22.  However, many of those cases stand for the uncontroversial proposition that one cannot evade APA review with a constitutional claim that is *duplicative* of the APA claim. *Markham v. United States*, 434 F.3d 1185, 1188 (9th Cir. 2006); *Czerkies v. U.S. Dep't of Labor*, 73 F.3d 1435, 1442 (7th Cir. 1996); *Sugrue v. Derwinski*, 26 F.3d 8, 10–11 (2d Cir. 1994); *Stone v. Chao*, 284 F. Supp. 2d 241, 246 (D. Mass. 2003).  Some specifically recognize that, properly pled, constitutional claims may co-exist with APA

The holding in *Chiayu Chang v. U.S. Citizenship and Immigration Servs.*, 254 F. Supp. 3d 160, (D.D.C. 2017) is similarly limited.  There, the court noted "disagreement among district courts" about whether a court could consider evidence outside of the administrative record with regard to a constitutional claim.  *Id.* at 162.  Ultimately, the court rejected the plaintiff's request for discovery on its constitutional claim because it concluded that the claim was "fundamentally similar" to the APA claim.  *Id.*[10]

Here, Plaintiffs' due process claim does not challenge the substantive correctness of the agency policy but asserts that the policy's new rule against certain types of claims, combined with the factual and procedural context of that policy (including public statements from Defendants), creates an impermissible perception of bias against certain credible fear applicants. As such, Plaintiffs' due process claim falls squarely within the sort of claim that permits consideration of evidence outside of the administrative record.  Indeed, the *Bellion* court explicitly acknowledged that where the due process claim was distinct from the APA claim, courts in this district have considered extra-record evidence.  *Bellion*, 2018 WL 4637013 at *7 ("In *Rydeen*, the constitutional challenge – under the Due Process Clause – did not require the court to review the substance of an agency's decision.") (citing *Rydeen*, 748 F. Supp. at 906).

Defendants' own briefing further confirms the propriety of using evidence outside of the administrative record in evaluating a due process claim.  In their Opposition to Plaintiffs' Motion

---

challenges. *Stone*, 284 F. Supp. 2d at 246 ("To be sure, federal courts can maintain jurisdiction over certain constitutional challenges to FECA decisions"); *Markham*, 434 F.3d at 1187; *Czerkies*, 73 F.3d at 1442.

[10] The other cases that Defendants cite are First Amendment cases in which the Court did not evaluate whether to consider evidence outside of the administrative record. *Whitaker v. Thompson*, 248 F. Supp. 2d 1, 17 (D.D.C. 2002); *POM Wonderful, LLC v. F.T.C.,* 777 F.3d 478, 504 (D.C. Cir. 2015); *Munsell v. Dep't of Agric.*, 509 F.3d 572, 591 (D.C. Cir. 2007).

for Summary Judgment, Defendants cite to a memorandum issued by the Executive Office for

Immigration Review ("EOIR") which is not part of the administrative record in this case. *See*

Def. MSJ Opp. at 34 n.16.  Defendants' pattern of objecting to Plaintiffs' use of evidence outside

of the administrative record, while simultaneously citing to such material when they find it self-

serving, undercuts the seriousness of their objections to Plaintiffs' evidence.

Further, contrary to Defendants' assertion, Def. Evid. Opp. at 4, the fact that the APA

authorizes review of constitutional claims does not mean that Plaintiffs are limited to the

administrative record in litigating their constitutional claim.  This is because "[t]he authority to

examine Plaintiffs' due process claims is independent of the APA… and such an examination

requires an independent assessment of the facts and the law." *Commercial Drapery Contractors,*

*Inc. v. United States*, 967 F. Supp. 1, 3 (D.D.C. 1997), *aff'd*, 133 F.3d 1 (D.C. Cir. 1998).

Accordingly, courts in this district do not subject constitutional claims to the typical

confines of APA review.  *Nat'l Med. Enterprises, Inc.*, 826 F. Supp. at 565 n.11  ("In reviewing a

constitutional claim to an agency's decision, a court 'may make an independent assessment of

the facts and the law' and 'may consider additional affidavits which were not before the agency

upon administrative review.'") (citing *Rydeen*, 748 F. Supp. 900); *cf. All. for Nat. Health U.S. v.*

*Sebelius*, 714 F. Supp. 2d 48, 60 (D.D.C. 2010) ("The Court concludes that it is obligated to

conduct an independent review of the record and must do so without reliance on the Agency's

determinations as to constitutional questions."); *Z St., Inc. v. Koskinen*, 44 F. Supp. 3d 48, 65

(D.D.C. 2014), *aff'd sub nom. Z St. v. Koskinen*, 791 F.3d 24 (D.C. Cir. 2015) ("[W]here a

Plaintiff has a cause of action that is independent of the APA, it may eschew the statutory

requirements that apply only to APA claims and rely nevertheless on the APA's sovereign

immunity waiver to support its contention that sovereign immunity does not block the court from exercising jurisdiction over the claim.").

Defendants also argue that Plaintiffs have failed to demonstrate that their due process evidence fits within one of the four exceptions for extra-record evidence review. But this fundamentally misunderstands the role of those exceptions. Because evaluation of an APA claim is normally limited to the administrative record, to justify extra-record review, a party must demonstrate that the need for their evidence fits into one of the exceptions. As established above, however, a due process claim arises from separate authority than an APA claim and has no such presumptive limitation. Therefore, Plaintiffs do not need to demonstrate that their evidence with respect to due process meets any of the four exceptions. *See, e.g., Rydeen*, 748 F. Supp. at 906 (considering evidence outside of administrative record in evaluating due process claim without analyzing whether evidence fell under exception to administrative record review).

ii)     *The Due Process Evidence Plaintiffs Have Submitted Is Proper Summary Judgment Evidence*

Defendants' claim that the Nasr and Jamil declarations are "hearsay declarations" is baseless. The Nasr and Jamil declarations comply with all of the requirements of Federal Rule of Civil Procedure 56(c)(4), which expressly provides that parties may submit declarations in support of summary judgment motions. *See* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a [summary judgment] motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."). Nasr and Jamil both wrote their declarations based on their personal knowledge about which they are competent to testify. *See* Jamil Decl.; Nasr Decl. Additionally, both declarations set out facts that would be admissible in evidence. Defendants have not identified a single statement within the declarations that would

13

be inadmissible, such as a statement to Nasr or Jamil from a third party.  Therefore, Defendants'

claim that the declarations as a whole constitute "hearsay declarations" is unsubstantiated.

      None of Plaintiffs' other extra-record evidence in support of their due process claim

constitutes inadmissible hearsay.  The Attorney General's speeches to the EOIR are plainly

admissible as the statements of a party opponent, and the same is true for statements of

Defendant Nielsen.  *See* Fed. R. Evid. 801(2).  The newspaper articles are also admissible.  They

are not being introduced for the truth of the matter asserted—that Defendants were sending a

signal to asylum adjudicators to deny domestic and gang violence claims, or that asylum

adjudicators fear for their jobs.  Instead, they are being introduced as evidence of public

*appearance* of bias.  Regardless of whether the statements contained within the articles are true,

the very fact of publication of such statements demonstrates the widespread perception of such

pressure among asylum adjudicators and the appearance of bias to asylum seekers and the

broader public.  The same is true of the statements from former immigration judges and members

of the Board of Immigration Appeals—the fact that such statements of concern regarding lack of

judicial independence of immigration judges were publicly disseminated likewise reinforces the

public appearance of bias.  The newspaper articles and statements of former IJs and BIA

members are therefore not hearsay.  *See* Fed. R. Evid. 801(c) (defining "[h]earsay [to mean an

out of court statement] that a party offers in evidence to prove the truth of the matter asserted in

the statement.").

**c) This Court Should Consider Evidence Outside of the Administrative Record with Respect to Plaintiffs' Claim for Injunctive Relief.**

      Defendants do not contest, and therefore concede,[11] that Courts may consider extra-

record evidence when considering factors related to injunctive relief.  Pl. Mot. at 9-12 (citing *Eco*

---

[11] *Wannall*, 775 F.3d at 428.

14

*Tour Adventures, Inc. v. Zinke,* 249 F. Supp. 3d 360, 369 n.7 (D.D.C. 2017); *Hill*

*Dermaceuticals, Inc. v. U.S. Food & Drug Admin.*, No. CIV.A. 11-1950 RCL, 2012 WL

5914516, at *10 (D.D.C. May 18, 2012), *aff'd sub nom., Hill Dermaceuticals, Inc. v. Food &*

*Drug Admin.*, 709 F.3d 44 (D.C. Cir. 2013)).[12]

Defendants' concession of this point also undercuts their complaint about the volume of

evidence that Plaintiffs have asked this Court to consider.  The majority of Plaintiffs' evidence

outside of the administrative record—1206 of 1828 pages—is in support of the injunctive relief

factors.

Instead of disputing that consideration of evidence outside of the administrative record is

proper when evaluating the injunctive relief factors, Defendants argue that Plaintiffs may not

seek permanent injunctive relief because their claim arises under the APA.  Def. Evid. Opp. at 2

n.1.  But that is simply not true.[13]  Relief available under the APA includes injunctive relief if the

four injunctive relief factors are satisfied.  *See Eco Tour Adventures, Inc.,* 249 F. Supp. 3d at 391

---

[12] *Cf. Brady Campaign to Prevent Gun Violence v. Salazar*, 612 F. Supp. 2d 1, 11 (D.D.C. 2009), judgment entered, No. CIV.A. 08-2243 CKK, 2009 WL 8161704 (D.D.C. July 30, 2009), and case dismissed, No. 09-5093, 2009 WL 2915013 (D.C. Cir. Sept. 8, 2009) ("Brady filed a partially opposed motion to submit various declarations 'in support of its position that it has standing and will suffer irreparable harm from Defendants' actions,' which the Court granted by Minute Order dated March 4, 2009."); *Ctr. for Biological Diversity v. Ross*, No. CV 18-112 (JEB), 2018 WL 4828406, at *5 (D.D.C. Oct. 4, 2018) ("[T]he Court finds that confining the record to past agency determinations is far less appropriate when plaintiffs seek an injunction based on present-day agency actions and the risk of future harm.").

[13] Notably, Defendants have conceded that at minimum, the Court has authority to order a remand and vacatur, and courts in this circuit have considered evidence outside the administrative record when considering whether to remand and vacate the challenged policy. *See, e.g., Pub. Employees for Envtl. Responsibility v. United States Fish & Wildlife Serv.*, 189 F. Supp. 3d 1, 4–5 (D.D.C. 2016), appeal dismissed, No. 16-5224, 2016 WL 6915561 (D.C. Cir. Oct. 31, 2016) (considering external declarations regarding whether vacatur is the appropriate remedy); *Standing Rock Sioux Tribe v. U.S. Army Corps of Engineers*, 282 F. Supp. 3d 91, 107 (D.D.C. 2017) (similar).

15

(determining that plaintiffs were entitled to equitable injunctive relief in APA challenge); *Sierra Club v.U.S. Dep't. of Agric., Rural Utilities Serv.,* 841 F. Supp. 2d 349, 358 (D.D.C. 2012) (granting injunctive relief in APA challenge); *cf. Monsanto Co. v. Geertson Seed Farms,* 561 U.S. 139, 158 (2010) (in APA case, "a court must determine that an injunction should issue under the traditional four-factor test"); *see also* Pl. MSJ Reply at Part III.A (explaining that set aside relief and vacatur can encompass declaratory, injunctive, and other equitable relief).  Here, Plaintiffs seek injunctive relief beyond vacatur of the challenged policies, including specific injunctive relief with respect to the Plaintiffs' expedited removal orders and credible fear proceedings.  As such, Plaintiffs are entitled to present evidence outside of the administrative record to demonstrate that they meet the injunctive relief standards.

The cases Defendants cite are unavailing.  In *Children's Hosp. Ass'n of Texas v. Azar,* 300 F. Supp. 3d 190, 202 (D.D.C. 2018), this Court declined to consider extra-record evidence of irreparable harm at the summary judgment stage; however, in that case, the plaintiff was not seeking injunctive relief beyond vacatur of the statute at the summary judgment stage and conceded that evidence of irreparable harm was not necessary.  *Dangler on Behalf of Dangler v. Yorktown Cent. Sch.,* 771 F. Supp. 625, 631 (S.D.N.Y. 1991), a non-APA case, stands only for the non-controversial proposition that when a preliminary injunction is consolidated with a hearing on the merits the plaintiff need not show they would suffer irreparable harm in the interval of time before the hearing on the merits; it does not address the requirements of a permanent injunction.  *Cronin v. U.S. Dep't of Agric.,* 919 F.2d 439 (7th Cir. 1990), evaluates an appeal of a denial of a preliminary injunction and does not discuss whether and under what circumstances a plaintiff could seek permanent injunctive relief beyond vacating the challenged action.  In *Herman v. Associated Elec. Co-op., Inc.,* 994 F. Supp. 1147, 1153 (E.D. Mo. 1998),

*rev'd,* 172 F.3d 1078 (8th Cir. 1999), a case arising under the Mine Act—not the APA—the Court relied on a statutory provision specifically authorizing injunctive relief in determining that it need not consider evidence of irreparable harm.

Finally, Defendants again argue that the evidence that Plaintiffs seek to introduce with respect to their injunctive relief claims—UNHCR reports, Plaintiffs' own declarations, and declarations of country conditions experts—does not fall into the four exceptions of extra-record evidence review.  Def. Evid. Opp. at 17-18.  But, as explained above with respect to Plaintiffs' due process claim, those four exceptions apply where considering the merits of an APA claim. They do not apply to claims or causes of action that are separate from the APA claim.  *See*, *supra*, at p. 13.  As such, Plaintiffs need not show that their injunctive relief evidence fits into the four exceptions.

**d)  Plaintiffs' Motion Was Timely Filed**

In the "Background" section of their Opposition, Def. Evid. Opp. 5-9, Defendants repeat the same arguments about timeliness that were raised in their Motion for an Abeyance.  Dkt. No. 67.  Defendants do not request that the Court strike Plaintiffs' evidence motion on the basis of these arguments, and therefore Plaintiffs do not interpret the "Background" section to be such a request.  However, in the event this Court decides to reach the question of timeliness, Plaintiffs set forth the arguments they raised in Opposition to the abeyance motion that Defendants have ignored.[14]  Dkt. No. 68.  As Plaintiffs have previously explained, Defendants' argument erroneously conflates supplementing the administrative record, which Plaintiffs do not seek to do, and consideration of extra record evidence, for which Plaintiffs have filed a timely motion. Dkt. No. 68 at 5-6.

---

[14] Plaintiffs hereby incorporate the arguments made in their opposition to the Defendants' abeyance motion.

Defendants' complaint about untimeliness relies on the deadline the Court set for "motions to complete/compel/supplement" the administrative record. *See* Minute Order, Aug. 13, 2018.  That Order set a schedule and deadline for resolving disputes concerning the contents of the administrative record.  *See id.* (the purpose of the schedule was to obtain a court "order resolving all administrative record disputes or the parties resolution of any administrative record concerns themselves").   Plaintiffs have not and do not contest that Defendants have produced the administrative record.

The evidence motion Plaintiffs have filed requests that the Court consider evidence *outside* of the administrative record, which was not considered by the agency, and which is a separate question—as Defendants' own brief acknowledges, Def. Evid. Opp. at 9, and multiple courts in this district have held.  *See, e.g.*, *Safari Club Int'l v. Jewell,* 111 F. Supp. 3d 1, 4-5 (D.D.C. 2015) ("Supplementing the administrative record in an APA case means adding material to the volume of documents the agency considered, while admitting extra-record evidence means adding material outside of or in addition to the administrative record that was not necessarily considered by the agency."); *Pac. Shores Subdivision, California Water Dist. v. U.S. Army Corps of Engineers*, 448 F. Supp. 2d 1, 5–6 (D.D.C. 2006) (noting "Defendants appear to have conflated the act of supplementing the record with permitting consideration of extra-record evidence," and explaining difference between the two) (cited in Def. Evid. Opp. at 9, 10, 11); *Oceana, Inc. v. Pritzker*, 126 F. Supp. 3d 110, 113 n.2  (D.D.C. 2015) ("As other judges of this Court have recognized, there is an important distinction between 'supplementing' an administrative record, on the one hand, and considering 'extra-record evidence,' on the other."); *Nat'l Min. Ass'n*, 856 F. Supp. 2d at 156–57 (distinguishing between supplementing the administrative record and extra-record review); *The Cape Hatteras Access Pres. All. v. U.S.*

*Dep't of Interior*, 667 F. Supp. 2d 111, 114-15 (D.D.C. 2009) (similar).[15]

Indeed, it would not have made sense for Plaintiffs to be required to file an extra record evidence motion at the threshold stage, before they had developed all their claims or were even put on notice of what the Defendants were arguing.  The case law reflects that—contrary to Defendants' contention—courts routinely consider motions to add extra record evidence in APA cases simultaneously with the motion for summary judgment.  *See, e.g.*, *Chesapeake Climate Action Network*, 78 F. Supp. 3d at 212 ("Now before the Court are the parties' cross-motions for summary judgment, as well as competing motions to admit and exclude extra-record evidence offered by both Plaintiffs and Defendants."); *see also Nat'l Med. Enterprises, Inc.*, 826 F. Supp. at 565 n. 11 (denying Defendants' motion to strike extra-record evidence in the course of resolving parties' cross-motions for summary judgment), *aff'd*, 43 F.3d 691 (D.C. Cir. 1995). Indeed, earlier this year, in a case cited by Defendants, this Court considered a motion concerning extra record evidence at the same time as a motion for summary judgment. *Children's Hosp. Ass'n of Texas*, 300 F. Supp. 3d at 194  ("Pending before the Court are Plaintiffs' combined motion for a preliminary injunction and for summary judgment, [and] Defendants' motion to strike exhibits supporting Plaintiffs' motion").

The rationale for considering extra record motions at the same time as a motion for summary judgment is straightforward:

> It is not until the parties have completely reviewed the evidence and refined and narrowed their arguments that the full extent of extra-record materials, if any, a party will ask the Court to consider can truly be known. Until such time, attempting to assess what

---

[15] Defendants cite *WildEarth Guardians v. Salazar*, 670 F. Supp. 2d 1, 5 n.4 (D.D.C. 2009), for the proposition that courts "sometimes" refer to consideration of extra-record evidence as supplementing the record, but in that case, the plaintiffs were not seeking consideration of extra-record evidence, *id.*, so the distinction simply was not at issue.

extra-record materials may be necessary to adequately set out an argument on summary judgment would be highly speculative and result in a waste of judicial—not to mention party—resources, as the Court would almost certainly be asked to address the acceptability of extra-record materials that would ultimately prove unnecessary for summary judgment purposes.

*Audubon Soc'y of Portland v. Zinke*, No. 117CV00069CLLEAD, 2017 WL 2172439, at *1 (D.

Or. May 16, 2017).

Further, as explained more fully in Plaintiffs' opposition to Defendants' abeyance motion, Plaintiffs have never represented that they would not seek to introduce evidence outside of the administrative record.  Dkt No. 68 at 3-4.  To the contrary, from the time Plaintiffs filed the preliminary injunction motion with evidence attached—one day after the initiation of this case—Plaintiffs have made clear their intent to rely on extrinsic evidence.

For example, Plaintiffs stated at the emergency stay hearing on August 9, 2018, when asked about what timing would be appropriate for merits briefing, that Plaintiffs would want time to develop evidence for the merits phase.  Plaintiffs' counsel stated on the record:

[W]ith respect to . . . being in a position to file a motion for summary judgment, the work that we've done so far in this case has been on an extremely expedited basis, so the amount of . . . evidence . . . or experts, declarations and things like that, are not at this point . . . as extensive as what one would want to do at a . . . merits stage, and so I think that those things would take some time to do properly.

Transcript (Aug. 9, 2018), at page 32.  Defendants' claim of surprise is, thus, unwarranted.

Plaintiffs' Motion is timely, well-supported, and should be granted.

## III.    Conclusion

For all the foregoing reasons and those raised in Plaintiffs' original motion, Plaintiffs respectfully request that this Court consider evidence outside of the administrative record.

Dated: October 24, 2018                    Respectfully submitted,


Eunice Lee**                               */s/ Jennifer Chang Newell*
Karen Musalo**                             Jennifer Chang Newell**
Anne Dutton**                              Katrina Eiland**
Center for Gender & Refugee Studies        Cody Wofsy**
200 McAllister St.                         Julie Veroff
San Francisco, CA 94102                    American Civil Liberties Union Foundation,
(415) 565-4877                             Immigrants' Rights Project
                                           39 Drumm Street
Scott Michelman (D.C. Bar No. 1006945)     San Francisco, CA 94111
Arthur B. Spitzer (D.C. Bar No. 235960)    (415) 343-0774
American Civil Liberties Union Foundation
    of the District of Columbia            Judy Rabinovitz**
915 15th Street NW, Second Floor           Omar C. Jadwat**
Washington, D.C. 20005                     Lee Gelernt
(202) 457-0800                             Celso J. Perez (D.C. Bar No. 1034959)
                                           American Civil Liberties Union Foundation,
Thomas Buser-Clancy**                      Immigrants' Rights Project
Andre Segura**                             125 Broad Street, 18th Floor
ACLU Foundation of Texas                   New York, NY 10004
P.O. Box 8306                              (212) 549-2660
Houston, TX 77288
(713) 942-8146                             Sandra S. Park**
                                           Emma Roth**
                                           Lenora M. Lapidus
*Attorneys for Plaintiffs*                 American Civil Liberties Union Foundation,
                                           Women's Rights Project
***Admitted pro hac vice*                  125 Broad Street, 18th Floor
                                           New York, NY 10004
                                           (212) 519-7871