UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GRACE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br> MATTHEW G. WHITAKER, Acting Attorney General of the United States, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 1:18-cv-01853 (EGS) <br> ) <br> ) <br> ) <br> ) |

**ORDER**

The Court has considered the parties' cross-motions for summary judgment, the memoranda and exhibits in support thereof, and the briefs in opposition thereto; plaintiffs' motion to consider extra-record evidence, defendants' motion to strike plaintiffs' extra-record evidence, and the memoranda in support or in opposition thereto; oral argument; and the entire record in this action.

Accordingly, and consistent with the accompanying Memorandum Opinion, the Court hereby **GRANTS IN PART** and **DENIES IN PART** plaintiffs' cross-motion for summary judgment, and **GRANTS IN PART** and **DENIES IN PART** defendants' motion for summary judgment.

This Court hereby:

1. **DECLARES** that the following credible fear policies contained in *Matter of A-B-*, 27 I. & N. Dec. 316 (A.G.

2018), the USCIS Policy Memorandum, Guidance for Processing Reasonable Fear, Credible Fear, Asylum, and Refugee Claims in Accordance with Matter of A-B-, July 11, 2018 (PM-602-0162) (hereinafter "Policy Memorandum"), and/or the Asylum Division Interim Guidance – Matter of A-B-, 27 I. & N. Dec. 316 (A.G. 2018) ("Interim Guidance"), and challenged by plaintiffs, are arbitrary, capricious, and in violation of the immigration laws insofar as those policies are applied in credible fear proceedings:

   a. The general rule against credible fear claims relating to domestic and gang violence. *See Matter of A-B-*, 27 I. & N. Dec. at 320 & n.1; Policy Memorandum, ECF No. 100 at 9, 12-13.

   b. The requirement that a noncitizen whose credible fear claim involves non-governmental persecutors "show the government condoned the private actions or at least demonstrated a complete helplessness to protect the victim." *Matter of A-B-*, 27 I. & N. at 337; Policy Memorandum, ECF No. 100 at 5, 9, 13; Interim Guidance.

   c. The Policy Memorandum's rule that domestic violence-based particular social group definitions that include "inability to leave" a relationship are impermissibly circular and therefore not cognizable in credible fear proceedings. Policy Memorandum, ECF No. 100 at 8.

   d. The Policy Memorandum's requirement that, during the credible fear stage, individuals claiming credible fear must delineate or identify any particular social group in order to satisfy credible fear based on the particular social group protected ground. Policy Memorandum, ECF No. 100 at 6, 12.

   e. The Policy Memorandum's directive that asylum officers conducting credible fear interviews should apply federal circuit court case law only "to the extent that those cases are not inconsistent with *Matter of A-B-*." Policy Memorandum, ECF No. 100 at 11.

   f. The Policy Memorandum's directive that asylum officers conducting credible fear interviews should

    apply only the case law of "the circuit where the alien is physically located during the credible fear interview." Policy Memorandum, ECF No. 100 at 11-12.

2. **VACATES** each of the credible fear policies specified in paragraphs 1.a. through 1.f. above. Accordingly, the Court **PERMANENTLY ENJOINS** defendants and their agents from applying these policies with respect to credible fear determinations, credible fear interviews, or credible fear review hearings issued or conducted by asylum officers or immigration judges. Defendants shall provide written guidance or instructions to all asylum officers and immigration judges whose duties include issuing or conducting credible fear determinations, credible fear interviews, or credible fear review hearings, communicating that each of the credible fear policies specified in paragraphs 1.a. through 1.f. are vacated and enjoined and therefore shall not be applied to any such credible fear proceedings.

3. **VACATES** the negative credible fear determinations and any expedited removal orders issued to each plaintiff.

4. **PERMANENTLY ENJOINS** defendants from removing any plaintiffs currently in the United States without first providing each of them a new credible fear process consistent with the Court's Memorandum Opinion and free from the unlawful policies enumerated in paragraphs 1.a. through 1.f. above or, in the alternative, full immigration court removal proceedings pursuant to 8 U.S.C. § 1229a. To ensure compliance with this injunction, any new credible fear process provided pursuant to this paragraph shall be accompanied by a written record consistent with 8 U.S.C. § 1225(b)(1)(B)(iii).

5. **FURTHER ORDERS** defendants to bring back into the United States, at no expense to plaintiffs, any plaintiff who has been removed pursuant to an expedited removal order prior to this Order and parole them into the United States, and provide each of them a new credible fear process consistent with the Court's Memorandum Opinion and free from the unlawful policies enumerated in paragraphs 1.a. through 1.f. above or, in the alternative, full immigration court removal proceedings

   pursuant to 8 U.S.C. § 1229a.  To facilitate such
   plaintiffs' return to the United States, defendants shall
   meet and confer with plaintiffs' counsel within 7 days to
   develop a schedule and plan to carry out this portion of
   the injunction. To ensure compliance with this
   injunction, any new credible fear process provided
   pursuant to this paragraph shall be accompanied by a
   written record consistent with 8 U.S.C. §
   1225(b)(1)(B)(iii). Defendants shall work in good faith
   to carry out the relief ordered in this paragraph and
   shall communicate periodically with plaintiffs' counsel
   until the relief ordered in this paragraph is completed.

6. **FURTHER ORDERS** defendants to provide the plaintiffs,
   within 10 days of this Order, with a status report
   detailing any steps defendants have taken to comply with
   this injunction, including copies of all guidance and
   instructions sent to asylum officers and immigration
   judges pursuant to paragraph 2 above. Within 30 days and
   60 days of this Order, defendants shall provide
   plaintiffs with a status report detailing any subsequent
   steps taken to comply with this injunction in the time
   period since the last report, including copies of all
   guidance and instructions sent to asylum officers and
   immigration judges pursuant to paragraph 2 above during
   that time frame.

The Court **GRANTS** plaintiffs' cross-motion for summary judgment as to their Administrative Procedure Act, Immigration and Nationality Act, and Refugee Act challenges concerning each of the policies enumerated in paragraphs 1.a. through 1.f. above, and defendants' motion for summary judgment is **DENIED** as to these same claims. The Court **DENIES** plaintiffs' cross-motion for summary judgment as to their challenges concerning nexus and discretion, and defendants' motion for summary judgment is **GRANTED** as to these same claims.

Furthermore, consistent with the accompanying Memorandum Opinion, the Court **GRANTS** plaintiffs' motion to consider extra record evidence with respect to evidence relevant to plaintiffs' contentions that the government deviated from prior policies, as well as evidence relevant to plaintiffs' request for injunctive relief. Accordingly, the following evidence submitted by plaintiffs is admitted into the record, and defendants' motion to strike is **DENIED** with respect to this same evidence: Decl. of Sarah Mujahid ("Mujahid Decl."), ECF No. 10-3, Exs. E-J; Second Decl. of Sarah Mujahid ("Second Mujahid Decl."), ECF No. 64-4, Exs. 1-3; ECF Nos. 12-1 to 12-9 (filed under seal); Mujahid Decl., ECF No. 10-3, Exs. K-Q; Second Mujahid Decl., ECF No. 64-4, Exs. 10-13; Joint Decl. of Shannon Drysdale Walsh, Cecilia Menjivar, and Harry Vanden ("Honduras Decl."), ECF No. 64-6; Joint Decl. of Cecilia Menjivar, Gabriela Torres, and Harry Vanden ("Guatemala Decl."), ECF No. 64-7; Joint Decl. of Cecilia Menjivar and Harry Vanden ("El Salvador Decl."), ECF No. 64-8.

Because the Court has declined to consider plaintiffs' due process claim, the Court **GRANTS** defendants' motion to strike with respect to evidence relating to plaintiffs' due process claim. Accordingly, the Court will not consider the following documents relating to plaintiffs' due process

claim: Second Mujahid Decl., ECF No. 64-4, Exs. 4-7, 8-9, 14-17, and ECF No. 64-5; and Mujahid Decl., ECF No. 10-3, Exs. R-T. Plaintiffs' motion to consider extra-record evidence as to these same documents is **DENIED** without prejudice.

The Court also **GRANTS** defendants' motion to strike with respect to the Decl. of Rebecca Jamil and Decl. of Ethan Nasr, and plaintiffs' evidence motion is **DENIED** as to these same documents.

**SO ORDERED.**

**Signed:     Emmet G. Sullivan**
**            United States District**
**            December 19, 2018**