UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GRACE, *et al.* | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civil Action No. 1:18-cv-01853-EGS |
| MATTHEW G. WHITAKER, in his Official capacity as Acting Attorney General of the United States, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' STATUS UPDATE**

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director

EREZ REUVENI
Assistant Director

CHRISTINA P. GREER
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
450 5th Street NW
Washington, DC 20001
Tel. (202) 598-8770
Christina.P.Greer@usdoj.gov

JOSEPH DARROW
JOSHUA S. PRESS
Trial Attorneys

Dated: January 11, 2019

*Attorneys for Defendants*

**DEFENDANTS' STATUS UPDATE**

Defendants respectfully submit this status update, consistent with the Court's order that Defendants "file a further status report by no later than January 11, 2019." January 4, 2019 Minute Order.

Since the January 4, 2019, update, counsel for Defendants have continued to confer with counsel for Plaintiffs by phone and email to work out the logistics of returning the removed Plaintiffs to the United States. The Department of Homeland Security ("DHS") has informed counsel from the Department of Justice ("DOJ") that officers for Immigration and Customs Enforcement ("ICE") have worked with the points of contact provided for each removed Plaintiff and have communicated the requirements for their return. DHS has informed DOJ that ICE officers have also reached out to the governments of El Salvador and Honduras to determine the legal requirements with which Plaintiffs must comply to depart those countries. DHS has informed DOJ that ICE officers have informed Plaintiffs' counsel that both countries require that those seeking to depart present a passport. DHS has informed DOJ that three of the removed Plaintiffs (one from El Salvador and the family unit from Honduras) do not currently have the proper passport document. DHS has informed DOJ that both countries also require permission from both parents for a child to travel outside the country. DHS has informed DOJ that the family unit in El Salvador meets an exception to the requirement, but that the family unit from Honduras must comply with the requirement. DHS has informed DOJ that ICE officers continue to work with the points of contact and the governments of El Salvador and Honduras to facilitate Plaintiffs' obtaining the documents their countries require in order for them to travel. DHS has informed DOJ that three of the removed Plaintiffs appear to have the documents necessary to depart, and that Defendants are prepared to schedule their return.

The parties have been unable to come to an agreement as to the process that should be applied to the Plaintiffs once they are returned to U.S. soil. The Court's order directs

> defendants to bring back into the United States, at no expense to plaintiffs, any plaintiff who has been removed pursuant to an expedited removal order prior to this Order and parole them into the United States, and provide each of them a new credible fear process consistent with the Court's Memorandum Opinion and free from the unlawful policies enumerated in paragraphs 1.a. through 1.f. above or, in the alternative, full immigration court removal proceedings pursuant to 8 U.S.C. § 1229a.

ECF No. 105 at 3-4. This language requires that the removed Plaintiffs be allowed to reenter the country and then be provided a new credible fear process. Section 1225(b), the only provision that provides for a credible fear process, contemplates that those subject to expedited removal are detained until they are removed or until they are granted asylum. Under 8 C.F.R. § 235.3(b)(4)(ii), "[p]ending the credible fear determination by an asylum officer and any review of that determination by an immigration judge, the alien shall be detained." This follows from the statute's requirement that an applicant found to have a credible fear "shall be detained" while the asylum application is pending before an immigration judge. 8 U.S.C. § 1225(b)(1)(B)(ii). If Plaintiffs establish a credible fear, they will be considered for release from detention under governing law and policy. *See* ICE Directive 11002.1, Parole of Arriving Aliens Found to Have a Credible Fear of Persecution or Torture (Dec. 8, 2009); *Matter of X-K-*, 23 I. & N. Dec. 731 (BIA 2005). Defendants think the Court's order to provide Plaintiffs with new credible fear interviews envisions utilizing the status quo credible fear screening and detention regime (to be conducted without regard to the enjoined aspects of *Matter of A-B-* and the Policy Memo), and does not require a unique process whereby Plaintiffs would be released prior to the conduct of a credible fear screening other than in accordance with the established procedures for release from custody. Defendants' counsel have been negotiating with Plaintiffs' counsel regarding a time frame for

2

completing credible fear processing, in order to ensure that those Plaintiffs who establish a credible fear will have an opportunity to be promptly considered for release from custody consistent with 8 U.S.C. § 1225(b).

Defendants' counsel continue to work with Plaintiffs' counsel to facilitate return and will provide an additional status update to the Court regarding those efforts by Friday, January 18, 2019.

                            Respectfully submitted,

                            JOSEPH H. HUNT
                            Assistant Attorney General

                            WILLIAM C. PEACHEY
                            Director

                            EREZ REUVENI
                            Assistant Director

By:   */s/ Christina P. Greer*
        CHRISTINA P. GREER
        Trial Attorney
        Office of Immigration Litigation
        U.S. Department of Justice, Civil Division
        450 5th Street NW
        Washington, DC 20001
        Tel. (202) 598-8770
        Christina.P.Greer@usdoj.gov

        JOSEPH DARROW
        JOSHUA S. PRESS
        Trial Attorneys

Dated: January 11, 2019                    *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 11, 2019, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

By:     */s/ Christina P. Greer*
CHRISTINA P. GREER
Trial Attorney
United States Department of Justice
Civil Division