**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GRACE, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> MATTHEW G. WHITAKER, in his official capacity as Acting Attorney General of the United States, et al., <br><br> *Defendants*. | Civil Action No. 1:18-cv-01853 (EGS) |

**PLAINTIFFS' STATUS REPORT CONCERNING PARAGRAPH 5 OF THE PERMANENT INJUNCTION AND MOTION TO SET TELEPHONIC STATUS CONFERENCE**

Plaintiffs respectfully submit this update concerning the parties' efforts to facilitate Defendants' compliance with Paragraph 5 of the Permanent Injunction. Since last week, the parties have continued to meet and confer by email and telephone and have resolved or are moving toward resolving the logistical or administrative issues discussed in Plaintiffs' status report dated January 11, 2019. ECF No. 114-1. As a result, Plaintiffs anticipate that one or more Plaintiffs may be returned to the United States as soon as next Thursday, January 24, 2019. However, because, as discussed in Plaintiffs' January 11, 2019 status report, the parties remain at an impasse over the meaning of the Court's order to "parole" the returned Plaintiffs "into the United States," *see* ECF No. 114-1, Plaintiffs respectfully request that the Court set a telephonic status conference at the Court's earliest convenience. Defendants have informed Plaintiffs that they take no position on Plaintiffs' motion to set a status conference. Resolving the parole question is time sensitive because it impacts whether the returned Plaintiffs will be detained or released upon their return, which could happen as early as January 24. In addition, due to the

risk of prolonged detention, resolution of this question may be relevant to some Plaintiffs' decision making process.

Administrative and Logistical Issues

Since the last status report, Plaintiffs have obtained the necessary travel documents for one of the three Plaintiffs who did not have a passport. In addition, consistent with the Court's order that Defendants return the removed Plaintiffs at no cost to Plaintiffs, Defendants have agreed to reimburse Plaintiffs for any passport and departure fees. The fees issue should not prevent any Plaintiff from travelling. Accordingly, Plaintiffs anticipate that one or more Plaintiffs may be returned to the United States as early as next week, January 24.

Two Plaintiffs, a mother and young child, are still unable to travel due to a parental consent requirement and travel document requirements. Plaintiffs are continuing to work on resolution of the parental consent issue. Once that issue is resolved, Plaintiffs anticipate that the passport issue for that family should be able to be resolved expeditiously.

The Parties' Disagreement Over the Meaning of "Parole"

Paragraph 5 orders "defendants to bring back into the United States . . . any plaintiff who has been removed pursuant to an expedited removal order prior to this Order and parole them into the United States." ECF No. 105 ¶ 5. As Plaintiffs explained in their January 11, 2019 status report, Plaintiffs' position is that the order to "parole" the Plaintiffs means that upon their return, the removed Plaintiffs should be released from immigration custody.

This conclusion is necessary to give full effect to the injunction's order to Defendants to "bring [the Plaintiffs] back into the United States," *and* to "parole them into the United States." The order to "parole them into the United States" would be a nullity if it simply meant that

Plaintiffs would be detained upon arrival at a port of entry, since parole would be unnecessary to authorize their detention pending removal proceedings once they have been brought back to the country.

The conclusion that "parole" means "release" is also the only one that is consistent with the use of that term in the Immigration and Nationality Act, and the Supreme Court's decisions discussing the meaning of "parole" in the immigration context. *See* 8 U.S.C. § 1182(d)(5)(A) (providing for temporary "parole into the United States"). *See also, e.g.*, *Clark v. Martinez*, 543 U.S. 371, 385 (2005) (explaining that "nothing in th[e] text [of 8 U.S.C. § 1182(d)(5)(A)] . . . affirmatively authorizes detention"); *Jennings v. Rodriguez*, 138 S.Ct. 830, 844 (2018) (explaining that parole under § 1182(d)(5)(A) is an "express exception to detention" under § 1225(b)(1)); *id.* at 837 (discussing § 1182(d)(5)(A) as affording "temporar[y] release[]" from detention); *Jean v. Nelson*, 472 U.S. 846, 849 (1985) (distinguishing between "detention" and "parole"); *Leng May Ma v. Barber*, 357 U.S. 185, 190 (1958) ("The parole of aliens seeking admission is simply a device through which needless confinement is avoided while administrative proceedings are conducted."); *Fed'n for Am. Immigration Reform, Inc. v. Reno*, 93 F.3d 897, 899 (D.C. Cir. 1996) (defining "parole" as "release"); *Ibragimov v. Gonzales*, 476 F.3d 125, 131 (2d Cir. 2007) ("'Parole' is an administrative practice whereby the government allows an arriving alien who has come to a port-of-entry without a valid entry document to be temporarily released from detention and to remain in the United States pending review of [] his immigration status.").

In light of the parties' continued disagreement over the meaning of "parole," Plaintiffs respectfully request that the Court set a telephonic status conference to assist in resolving this issue as expeditiously as possible.

Dated: January 18, 2019

Eunice Lee**
Karen Musalo**
Anne Dutton**
Center for Gender & Refugee Studies
200 McAllister St.
San Francisco, CA 94102
(415) 565-4877

Scott Michelman (D.C. Bar No. 1006945)
Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union Foundation
    of the District of Columbia
915 15th Street NW, Second Floor
Washington, D.C. 20005
(202) 457-0800

Thomas Buser-Clancy**
Andre Segura**
ACLU Foundation of Texas
P.O. Box 8306
Houston, TX 77288
(713) 942-8146

Respectfully submitted,

*/s/ Jennifer Chang Newell*
Jennifer Chang Newell**
Katrina Eiland**
Cody Wofsy**
Julie Veroff
American Civil Liberties Union Foundation,
Immigrants' Rights Project
39 Drumm Street
San Francisco, CA 94111
(415) 343-0774

Judy Rabinovitz**
Omar C. Jadwat**
Lee Gelernt
Celso J. Perez (D.C. Bar No. 1034959)
American Civil Liberties Union Foundation,
Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2660

Sandra S. Park**
Lenora M. Lapidus**
Emma Roth**
American Civil Liberties Union Foundation,
Women's Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
(212) 519-7871

*Attorneys for Plaintiffs*

**Admitted pro hac vice*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GRACE, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> MATTHEW G. WHITAKER, in his official capacity as Acting Attorney General of the United States, et al., <br><br> *Defendants.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 1:18-cv-01853 (EGS) |

## [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO SET TELEPHONIC STATUS CONFERENCE

Having considered Plaintiffs' motion to set a telephonic status conference, the court hereby sets such a conference for January ___, 2019, at ____ o'clock.

IT IS SO ORDERED.

Dated: _____          _____
                                  Hon. Emmet G. Sullivan
                                  United States District Judge