# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GRACE, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>MATTHEW G. WHITAKER, in his Official Capacity as Acting Attorney General of the United States, *et al.*,<br><br>    Defendants. | Civil Action No. 1:18-cv-01853-EGS |

**RESPONSE TO PLAINTIFFS' MOTION FOR TELEPHONIC STATUS CONFERENCE**

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director

EREZ REUVENI
Assistant Director

CHRISTINA P. GREER
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
450 5th Street NW
Washington, DC 20001
Tel. (202) 598-8770
Christina.P.Greer@usdoj.gov

JOSEPH DARROW
JOSHUA S. PRESS
Trial Attorneys

Dated: January 22, 2019                    *Attorneys for Defendants*

Defendants respectfully submit this response to Plaintiffs' motion for a telephonic status conference in accordance with the Court's minute order dated January 22, 2019. Defendants took no position on Plaintiffs' motion but do not believe that a conference is necessary for the reasons provided below. Should the Court disagree, however, Defendants are available for a status conference if one is set.

A status conference is unnecessary. The Court's injunction order does not direct what Plaintiffs suggest. The order instead supports the reading advanced by Defendants. As Defendants explained in their January 11, 2019 status update, the language of paragraph 5 of the order requires that the Plaintiffs be allowed to reenter the United States and then be provided with a new credible fear process. ECF No. 113 at 2-3. The only statutory provision that provides for credible fear screenings, 8 U.S.C. § 1225(b), contemplates that those subject to expedited removal—and thus potentially eligible for credible fear screenings—are detained until they are removed or until they are granted asylum by an Immigration Judge. Under 8 C.F.R. § 235.3(b)(4)(ii), "[p]ending the credible fear determination by an asylum officer and any review of that determination by an immigration judge, the alien shall be detained." This follows from the statute's requirement that an applicant asserting or found to have a credible fear "shall be detained" while the credible fear claim is assessed or the asylum application is pending before an immigration judge. *See* 8 U.S.C. § 1225(b)(1)(B)(ii) ("If the officer determines at the time of the interview that an alien has a credible fear of persecution (within the meaning of clause (v)), the alien shall be detained for further consideration of the application for asylum."); *id.* § 1225(b)(1)(B)(iii)(IV) ("Any alien subject to the procedures under this clause shall be detained pending a final determination of credible fear of persecution and, if found not to have such a fear, until removed.").

If Plaintiffs establish a credible fear, they will be considered for release from detention

under governing law and policy. *See* ICE Directive 11002.1, Parole of Arriving Aliens Found to Have a Credible Fear of Persecution or Torture (Dec. 8, 2009); *Matter of X-K-*, 23 I. & N. Dec. 731 (BIA 2005). Defendants think the Court's order to provide Plaintiffs with new credible fear interviews envisions utilizing the status quo credible fear screening and detention regime (to be conducted without regard to the enjoined aspects of *Matter of A-B-* and the Policy Memo), and does not require a unique process whereby Plaintiffs would be released prior to the conduct of a credible fear screening or would be guaranteed release from custody other than in accordance with the established procedures for release from custody. A contrary reading places Plaintiffs in a materially better position than all other similarly situated aliens seeking to assert a credible fear upon arrival at the border or apprehension after crossing the border.

//
//
//
//
//
//
//
//
//
//
//
//
//

## **CONCLUSION**

Defendants respectfully oppose Plaintiffs' request for a status conference as it is unnecessary. Nevertheless, Defendants are available should the Court wish to hold one.

                                                          Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director

EREZ REUVENI
Assistant Director

By:  */s/ Christina P. Greer*
CHRISTINA P. GREER
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
450 5th Street NW
Washington, DC 20001
Tel. (202) 598-8770
Christina.P.Greer@usdoj.gov

JOSEPH DARROW
JOSHUA S. PRESS
Trial Attorneys

Dated: January 22, 2019   *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2019, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

By:   */s/ Christina P. Greer*
CHRISTINA P. GREER
Trial Attorney
United States Department of Justice
Civil Division