# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GRACE, et al., | ) |
| *Plaintiffs*, | ) ) ) |
| v. | ) Civil Action No. 1:18-cv-01853 (EGS) |
| WILLIAM P. BARR, in his official capacity as Attorney General of the United States, et al., | ) ) ) |
| *Defendants*. | ) ) ) |

## PLAINTIFFS' STATUS REPORT CONCERNING PARAGRAPH 5 OF THE PERMANENT INJUNCTION

Plaintiffs file this Status Report to update the Court regarding each Plaintiffs' status pursuant to Paragraph 5 of the permanent injunction. Plaintiffs last filed a report on January 11, 2019, indicating that various unresolved issues impacted the removed Plaintiffs' ability to return to the United States expeditiously in accordance with Paragraph 5. Subsequently, the parties continued to meet and confer to facilitate Defendants' return of the removed Plaintiffs and their provision of new processes in accordance with the permanent injunction.

To date, four of the six removed Plaintiffs have been returned to the United States. After receiving a new credible fear interview, these four Plaintiffs each passed credible fear and were issued Notices to Appear, placing them in regular removal proceedings under § 240 of the Immigration and Nationality Act. Of the six Plaintiffs who had not been removed prior to the issuance of the permanent injunction, all six have passed a credible fear interview and/or are now in regular removal proceedings.

However, the remaining two Plaintiffs (who were removed prior to the permanent injunction) have not been returned to the United States and continue to face unresolved barriers

1

to accessing the relief the Court granted in Section 5 of the permanent injunction. In Plaintiffs' January 11 Status Report, Plaintiffs informed the Court of the various requirements Defendants communicated for the removed Plaintiffs to be transported back to the United States, including that (1) the Plaintiffs possess a passport valid for at least six months and (2) any individual traveling with a child procure a notarized letter from the other parent authorizing the child's travel.[1] Plaintiffs' report explained that the parental authorization requirement presented an obstacle for the prompt return of two of the Plaintiffs to the United States, and that it could be months or longer before they could return. Unfortunately, despite diligent efforts, Plaintiffs have not yet obtained the documentation necessary to secure their travel to the United States. Plaintiffs continue their diligent efforts and will file a further report to update the Court of any significant developments.

---

[1] Defendants have represented that the parental consent and passport requirements for return are imposed by the removed Plaintiffs' home governments.

Dated: May 6, 2019

Eunice Lee**
Karen Musalo**
Anne Dutton**
Center for Gender & Refugee Studies
200 McAllister St.
San Francisco, CA 94102
(415) 565-4877

Scott Michelman (D.C. Bar No. 1006945)
Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union Foundation
    of the District of Columbia
915 15th Street NW, Second Floor
Washington, D.C. 20005
(202) 457-0800

Thomas Buser-Clancy**
Andre Segura**
ACLU Foundation of Texas
P.O. Box 8306
Houston, TX 77288
(713) 942-8146

Respectfully submitted,

*/s/ Jennifer Chang Newell*
Jennifer Chang Newell**
Katrina Eiland**
Cody Wofsy**
Julie Veroff
American Civil Liberties Union Foundation,
    Immigrants' Rights Project
39 Drumm Street
San Francisco, CA 94111
(415) 343-0774

Judy Rabinovitz**
Omar C. Jadwat**
Lee Gelernt
Celso J. Perez (D.C. Bar No. 1034959)
American Civil Liberties Union Foundation,
    Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2660

Sandra S. Park**
Emma Roth**
American Civil Liberties Union Foundation,
    Women's Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
(212) 519-7871

*Attorneys for Plaintiffs*

**Admitted pro hac vice*